ZENITH-GODLEY Co., INC., et al., Respondents, v. T. T. WILEY, as Acting Traffic Commissioner of the City of New York, et al., Appellants.

First Department, March 11, 1952.

*William A. Marks* of counsel (*Seymour B. Quel* and *James J. Thornton* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellants.

*John W. Burke, Jr.,* of counsel (*Burton H. Brody* with him on the brief; *Davies, Hardy, Schenck & Soons,* attorneys), for respondents.

*Per Curiam.* This action has been brought for the purpose of enjoining the traffic commissioner of the city of New York from enforcing a regulation prohibiting trucks or tractor-trailer combinations of more than thirty-three feet in length, from entering or traversing any of the streets in the portion of the borough of Manhattan known as the Washington Market area, and sometimes referred to as " the Butter and Egg District ". The complaint challenges the validity of this regulation upon the ground that it is unreasonable and discriminatory. The affidavits upon plaintiffs' application for an injunction *pendente lite* disclose that larger trucks are permitted at various hours of the day and night in the garment area and other midtown areas in Manhattan which are averred to be more thickly congested than the Washington Market area.

In the opinion at Special Term it is stated: " From the fact that the mentioned regulations have been in existence for a long time the court would, ordinarily, be hesitant to grant an injunction *pendente lite* and would require that a trial of the issue be first had. But where, as here, the court is convinced of the invalidity of the challenged regulations, as a matter of law, there is no issue to be tried. Hence, in such a situation, the court is of the opinion that the injunction pendente lite sought, should be granted." This quotation succinctly states the basis on which the issue was disposed of at Special Term.

Limiting the length of trucks which may enter various areas in New York City does not appear to be invalid of itself. As Special Term intimated, in a matter of this kind, where the reasonableness of a municipal regulation is at stake, a trial would ordinarily be required before the granting of an injunction, which would appear to be advisable in this instance in view of our determination that this traffic regulation is not invalid upon its face. Whether the regulation should be upheld depends upon its reasonableness in the light of evidentiary facts to be adduced at the trial.

The order granting plaintiffs' motion for an injunction *pendente lite* should be reversed and the application denied; the order denying defendants' cross motion to dismiss the complaint should be affirmed; defendants' appeal from the order denying their motion to reopen, rehear and redetermine the original applications for a temporary injunction and for dismissal of the complaint for insufficiency should be dismissed.

PECK, P. J., COHN, CALLAHAN, VAN VOORHIS and BERGAN, JJ., concur.

Order granting plaintiffs' motion for an injunction *pendente lite* unanimously reversed and the application denied; order denying defendants' cross motion to dismiss the complaint unanimously affirmed; defendants' appeal from the order denying their motion to reopen, rehear and redetermine the original application for a temporary injunction and for dismissal of the complaint for insufficiency dismissed. Settle order on notice. [See 280 App. Div. 759.]