LUTHERAN CHURCH IN AMERICA, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

First Department, March 21, 1967.

*Henry N. Ess, III* of counsel (*David M. Huggin* with him on the brief; *Sullivan & Cromwell,* attorneys), for appellant.

*Robert D. Bentley* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for respondents.

*Per Curiam.* The plaintiff-appellant's building, the Lutheran Church House, formerly the residence of J. P. Morgan, Jr., after a public hearing, was designated as a landmark by the respondent Landmarks Preservation Commission on November 23, 1965, pursuant to the Landmarks Preservation Law (Local Laws, 1965, No. 46 of City of New York).

The appellant's summons and complaint were served in July of 1966 and ask for a judgment that the Landmarks Law is unconstitutional as applied to appellant, because it deprives appellant of its right to the free exercise of religion; it constitutes a taking of property for public use without just compensation; it denies appellant equal protection of the law; it is an unlawful delegation of legislative authority; and because it is an invalid exercise of the police power of the State. The order appealed from held that CPLR 217, which prescribes a four months' Statute of Limitations for article 78 proceedings, is applicable to this action for a declaratory judgment and that appellant's action, commenced approximately eight months after the designation of the Lutheran Church House as a landmark, is time-barred.

We accept the respondents' characterization of the proceeding as an attack on a local law which became applicable to the appellant only through administrative action. We further acknowledge that an article 78 proceeding would not have been an improper means to challenge the constitutionality of the local law. We disagree, however, assuming as we must for the purposes of this appeal that the commission's designation of appel-

lant's property was an unconstitutional act, that a proceeding under article 78 being available, the appellant may not resort to another remedy but is confined to an article 78 proceeding and the limitation applicable thereto. We recognize nonetheless that resort to another remedy in the circumstances may be said to frustrate the legislative policy requiring prompt review of administrative determinations.

The constitutionality of a law nevertheless, may not depend upon whether it is self-executing or not self-executing. The Landmarks Law could not be tested in a vacuum and no justiciable controversy could have arisen if appellant had brought its action prior to the designation. It was the fact of administrative action, the application of the statute to the appellant's building, which enabled the appellant to relate the designation to the irreparable harm to appellant caused thereby. The circumstance that the appellant's action was not viable until the designation of its building as a landmark does not convert its action into an article 78 proceeding. The appellant, moreover, does not seek to review the *factual determination* made by the commission, where the four months' Statute of Limitations might be applicable, but attacks the constitutional power of the administrative body to apply the Landmarks Law to it in the first instance.

Where an administrative act is attacked on the basis that the body acted without power and its decision is void, the remedy of a declaratory judgment is not foreclosed by the circumstances that a hearing was had, that a determination was made and that a proceeding was available to the party affected to review such determination. The exercise of a power which offends against the Constitution may be attacked at any time. The local law, assuming that it constitutes a taking of appellant's property without just compensation, does not become immune from challenge because of the commission's act pursuant thereto. The commission cannot give legality to an unconstitutional or void statute by exercising power under it. The statute, too, it must be noted, could serve as the basis of criminal action against appellant (Local Laws, 1965, No. 46; Administrative Code of City of New York, § 207-16.0). In the circumstances the sole issue tendered being a constitutional one involving a pure issue of law, the remedy of a declaratory judgment is peculiarly applicable. (*Matter of Foy* v. *Schechter*, 1 N Y 2d 604 [1956]; *Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493 [1954]; *Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198 [1937]; *De Veau* v. *Braisted*, 5 A D 2d 603 [2d Dept., 1958], affd. 5 N Y 2d 236, affd. 363 U. S. 144; *Matter of Donner-Hanna Coke Corp.*, 212 App. Div. 338 [4th Dept., 1925], affd. 241 N. Y.

530; *Zenith-Godley Co.* v. *Wiley,* 108 N. Y. S. 2d 681, mod. 279 App. Div. 498 [1st Dept., 1952].)

The order appealed from should be reversed, on the law, with costs and disbursements to plaintiff-appellant, and defendants-respondents' motion denied.

BOTEIN, P. J., EAGER, CAPOZZOLI, TILZER and MCNALLY, JJ., concur.

Order entered on November 21, 1966, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and defendants' motion to dismiss the complaint denied.