**UNITED STATES of America,**
**Plaintiff,**

v.

**John SOLON, Defendant.**

**No. C-19550.**

United States District Court
E. D. New York.

June 19, 1968.

Joseph P. Hoey, U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., for plaintiff, Stuart C. Goldberg, Asst. U. S. Atty., of counsel.

Henry G. Singer, Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

In 1959 a civil judgment for $22,704.-11 was entered against defendant based upon his failure to pay wagering taxes from 1951 to 1953. Defendant agreed to liquidate this judgment by monthly payments of $7.50. Apparently he has made these payments, for the judgment, with interest, some ten years later has been reduced to $22,171.40.

The government has issued a subpoena requiring the judgment debtor to be examined in supplementary proceedings to determine whether his assets permit more expeditious payment of his debt. Predicated upon the wagering self-incrimination cases, the debtor moves (1) to vacate the judgment, (2) for return by the government of money paid on the judgment and, (3) for vacation of the subpoena issued against him. Defendant's motions must be denied.

Whether the underlying substantive theory in a civil action is valid or invalid, a money judgment obtained from a competent court operating in accordance with minimum standards of procedural due process extinguishes and supercedes the original claim. Restatement of Judgments, §§ 45, 47 (1942); Collins v. City of Wichita, Kansas, 254 F.2d 837 (10th Cir. 1958) (subsequent decisions of Supreme Court held procedure under which judgment obtained did not comply with due process). Cf. Polites v. United States, 364 U.S. 426, 433, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960) (prospective change in status as citizen;

modification in substantive law after judgment); Lehman Co. of America v. Appleton Toy & Furniture Co., 148 F.2d 988 (7th Cir. 1945) (power to modify equitable decree in patent infringement action); Restatement of Judgments § 46 (1942). As the comment to section 47 of the Restatement of Judgments puts the matter:

> "Where the plaintiff has obtained a valid and final personal judgment against the defendant, he can maintain further proceedings for the enforcement of the judgment in the State which rendered it. In such proceedings the defendant cannot collaterally attack the judgment. It is immaterial whether the judgment was erroneous, provided that it was not void [because the court lacked jurisdiction or denied due process]."

Rule 60(b) of the Federal Rules of Civil Procedure cannot be used as a method of long delayed appeal to circumvent this basic rule of judgments.

■ Since the validity of the original claim for relief is now irrelevant, the issue of whether a judgment for failure to pay wagering excise taxes could now be obtained is not presented by these motions. Cf. Grosso v. United States, 390 U.S. 62, 69–70, n. 7, 88 S.Ct. 709, 714, n. 7, 19 L.Ed.2d 906 (1968) ("We do not hold * * * either that the excise tax is as such constitutionally impermissible, or that a proper claim of privilege extinguishes liability for taxation").

■ Fear of self-incrimination in connection with pending supplementary proceedings designed to determine a person's ability to satisfy his judgment does not warrant quashing a subpoena. Some lines of inquiry may be unobjectionable. Any claim of privilege should be made with respect to specific questions so that the Court can make precise rulings protecting both the government and the witness. See, e. g., Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

The motions are denied in all respects.

So ordered.