**CAPITOL PRODUCTS CORPORATION, a Corporation, Judgment Creditor-Appellant,**

v.

**Frederick E. HERNON, Judgment Debtor-Appellee.**

**No. 71–1304.**

United States Court of Appeals, Eighth Circuit.

March 8, 1972.

Robert M. Hamlett, Greenfield, Davidson & Mandelstamm, John L. Davidson, Jr., St. Louis, Mo., Arthur Berman, Berman & Boswell, Harrisburg, Pa., for Judgment Creditor-Appellant Capitol Products Corporation.

Jack H. Ross, Coleman, Ross & Cekovsky, Clayton, Mo., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.

HEANEY, Circuit Judge.

This direct appeal presents the question whether the District Court erred in permitting the defendant, a judgment debtor, to refuse to answer 105 questions put to him by the plaintiff judgment creditor, Capitol Products Corporation, in aid of execution of judgment. The defendant relied solely on his right against self-incrimination.

A judgment for $75,000, plus interest and attorneys' fees, was entered in the District Court on a jury verdict in favor of the plaintiff. Capitol Products sought to depose the defendant pursuant to Rule 69 of the Federal Rules of Civil Procedure, and also made a request for documents. The defendant appeared for the deposition but refused to answer most of the questions put to him,[1] and refused to produce the requested documents.

The court, after hearing argument on the motion to compel discovery, ordered the defendant to answer two of the questions and to produce certain documents.[2] The court relied on Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), in concluding that " * * * no real danger of incrimination to defendant * * * " existed with respect to these two questions and the documents. The court did not specify its reasons for deciding that the remaining questions did present a real danger of incrimination.

The defendant has complied with the order, and the plaintiff has brought this appeal to secure answers to the remaining questions. The plaintiff has made no mention on appeal of the documents which were not ordered disclosed.

Absent special circumstances not apparent in the record, we find nothing in this case which justifies relieving the defendant from answering all 105 questions.

There is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings.

" * * * The privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim."

---

1. The questions which the judgment debtor refused to answer dealt with the following subjects:

(a) his knowledge of any criminal proceedings that had been brought against him or might be brought in the future;

(b) the identity and whereabouts of his wife and children;

(c) his present and past employment;

(d) his possible acquaintance with certain named individuals;

(e) his assets, including bank accounts, automobiles, sheep, jewelry, furniture;

(f) whether or not he had brought with him certain financial records, such as income tax returns, and bank and checking account records;

(g) his possible interest in certain named businesses;

(h) personal data such as his Social Security number, date of birth, and prior residences.

The defendant gave his name and address, and stated that he was married and had children, and that he had heard of several named business enterprises.

2. The defendant was ordered to answer whether or not he was a defendant in any civil action pending in Missouri and whether or not, aside from the judgment in this case, there were any other outstanding judgments against him. The district judge also ordered the defendant to produce copies of his 1968 and 1969 federal income tax returns.

Heligman v. United States, 407 F.2d 448, 450, 451 (8th Cir.), cert. denied, 395 U.S. 977, 89 S.Ct. 2129, 23 L.Ed.2d 765 (1969); Daly v. United States, 393 F.2d 873 (8th Cir. 1968). See, In Re U. S. Hoffman Can Corp., 373 F.2d 622, 626, 627, n. 7 (3rd Cir. 1967). See generally, 8 C. Wright and A. Miller, Federal Practice and Procedure § 2018 (1970). The criterion for evaluating a Fifth Amendment privilege claim is that, as to each question,

> " * * * it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. * * * ".

Hoffman v. United States, *supra*, 341 U. S. at 486, 487, 71 S.Ct. at 818; Daly v. United States, *supra*, 393 F.2d at 878.

The court must determine whether the claimant is " * * * confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination. * * * ". (Citations omitted.) Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968); Daly v. United States, *supra*, 393 F.2d at 878.

■■■ In the present case, nothing either inherent in the questions or in the setting in which they were asked suggests that the defendant was confronted by a substantial and real hazard of in-

crimination. The questions themselves were innocuous.[3] There was nothing to link the defendant with any criminal investigation or proceeding. The defendant has not alleged that the purpose of the examination was anything other than an ordinary search of his assets in order to satisfy the judgment against him. See, Kirtley v. Abrams, 184 F. Supp. 65 (E.D.N.Y.1960). Compare, Morgan v. Thomas, 321 F.Supp. 565, 582 (S.D.Miss.1970). Furthermore, we do not perceive, in the statutory provisions for disclosure in aid of execution of judgment, any inherent dangers of self-incrimination such as are present in some statutory disclosure schemes. Compare, Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Marchetti v. United States, *supra*; Albertson v. Subversive Activities Control Bd., 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965). See also, California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971).

On appeal, the defendant suggests that the disclosure of assets may, in some instances, lead to the discovery of evidence of violation of tax laws or laws relating to the acquisition and retention of property.[4] But the defendant has offered no evidence to show that this apprehension is anything other than imaginary. Nor does the record show that this argument was presented to the district judge or that he relied on it in reaching his decision.

---

3. The defendant would not be required to answer even an innocuous question if the setting suggested a substantial and real hazard of incrimination. See, Emspak v. United States, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997 (1955).

4. The defendant relies on the Missouri case of State ex rel. Howard v. Allison, 431 S.W.2d 233 (Mo.App.1968). The facts underlying the refusal of the judgment debtor to testify in that case are not fully developed. It does appear that the judgment debtor may have failed to completely disclose his assets in a prior disclosure statement. Before the Court of Appeals, the attorney for the judgment debtor directed the court's attention to laws involving fraudulent conveyancing and taxation, stating that " * * * 'there are some income tax problems at this time presenting themselves to these judgment debtors.' * * * " State ex rel. Howard v. Allison, *supra* at 238. The court refused to compel answers. It stated that it could " * * * visualize the distinct possibility that answers to the two questions might furnish information constituting a link in a chain of evidence leading to a criminal conviction in either of the two suggested areas. * * * ". *Ibid.*

The defendant suggests that the district judge may have relied on information outside the record in reaching his decision. While the Supreme Court has stated that, in determining if the Fifth Amendment privilege is properly invoked, " * * * [t]he trial judge * * * 'must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence' * * * " (citation omitted), Hoffman v. United States, *supra*, 341 U.S. at 487, 71 S.Ct. at 818, there is no indication that the district judge relied on such personal perceptions. Furthermore, the judge had no opportunity to personally observe or question the defendant.[5] *Cf.*, Daly v. United States, *supra*; In Re U. S. Hoffman Can Corp., *supra*; Hooley v. United States, 209 F.2d 234, 236 (1st Cir. 1954).

 In the light of all these circumstances, our only alternative is to remand this matter to the District Court with instructions to order the defendant to answer all questions which are still relevant, unless a real danger of incrimination is specifically established with respect to each question. On remand, the court should give the defendant an opportunity to develop the facts underlying his fear of incrimination.

" * * * It is enough (1) that the trial court be shown by argument how conceivably a prosecutor, building on the seemingly harmless answer, might proceed step by step to link the witness with some crime * * *, and (2) that this suggested course and scheme of linkage not seem incredible in the circumstances of the particular case. It is in this latter connection, the credibility of the suggested connecting chain, that the reputation and the known history of the witness may be significant."

United States v. Coffey, 198 F.2d 438, 440 (3rd Cir. 1952); Emspak v. United States, 349 U.S. 190, 198, n. 18, 75 S.Ct. 687, 99 L.Ed. 997 (1955).

<hr>

5. The judge who ruled on the motion to compel disclosure had not tried the original case, and the hearing on the motion involved only the arguments of counsel.

To protect the right of both parties and assure satisfactory review, the court should clearly state the basis on which it sustains or rejects the defendant's objection to a particular question. See, Daly v. United States, *supra*; United States v. Solon, 294 F.Supp. 880, 882 (E.D.N.Y.), aff'd per curiam, 405 F.2d 1211 (2nd Cir. 1968). *Cf.*, American Cyanamid Company v. Sharff, 309 F.2d 790 (3rd Cir. 1962).

Reversed and remanded.