**In re Order of Civil Contempt Against Carlos Lee Starkey.**

**APPEAL OF Carlos Lee STARKEY.***

**No. 79–1131.**

United States Court of Appeals, Eighth Circuit.

Submitted April 20, 1979.

Decided Aug. 23, 1979.

---

* *Editor's Note:* The opinion of the United States Court of Appeals, Fourth Circuit in *O'Kelley v. State of North Carolina*, published in the advance sheets at this citation (600 F.2d 1043), was withdrawn from the bound volume by order of the court.

Richmond C. Coburn, Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., for appellant; J. H. Cottrell, Jr., of Greene & Cottrell, Little Rock, Ark., on the brief.

Gary V. McGowan, of Mandell & Wright, Houston, Tex., for appellee.

Before LAY, HEANEY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant, Carlos Lee Starkey, appeals from an order entered by the district court [1] holding him in contempt for refusing to testify at a civil deposition.[2] Starkey also appeals from an underlying order compelling him to testify at the deposition. For reversal, appellant argues that by testifying he will subject himself to criminal prosecution and therefore is entitled to invoke his fifth amendment privilege not to testify. We find that appellant's deposition testimony, if within the guidelines set forth below, will not subject him to future prosecution. We therefore affirm the district court's order holding Starkey in contempt for refusing to testify. As detailed below, we modify the order compelling Starkey to testify.

In 1977, three dairies and two individuals were indicted for conspiring to fix prices of dairy products in Central Arkansas between 1971 and 1977. One of the indicted dairies was appellant's employer and one of the indicted individuals was appellant's immediate supervisor. All defendants pled *nolo*

*contendere* and the criminal proceedings terminated in December, 1977, with fines for the dairies and jail sentences for the individuals. As part of the federal grand jury's investigation in this criminal case, it heard testimony from appellant who was sales manager for Dean Milk, one of the indicted dairies. Appellant was given "use" immunity for his testimony, pursuant to 18 U.S.C. § 6001 *et seq.*

In May, 1977, three months after appellant testified before the grand jury, the State of Arkansas brought a civil antitrust class action suit on behalf of all persons living in Arkansas who bought milk from Dean Milk Co. and other dairies during the time the dairies were allegedly fixing prices. The State sought treble damages for antitrust violations by the companies "beginning some time prior to 1971" and continuing until at least April 22, 1977. During discovery in this civil case, the State of Arkansas obtained Starkey's grand jury testimony by a trial court order. From the record it appears that the trial court granted the State's request for the grand jury material because the secrecy of the material had already been breached, first, by the inadvertent disclosure of a federal government memorandum which contained excerpts from the grand jury proceedings, and secondly, by the release to Starkey's employer of his testimony pursuant to Fed.R. Crim.P. 16(a)(1)(A). While it seems somewhat unusual for the grand jury testimony to be released to the state, this issue has not been appealed and is not before us.

The issue presented on appeal is whether Starkey has the right to invoke his fifth amendment privilege against self-incrimination at a civil deposition. Only if testifying subjects Starkey to criminal prosecution does he have the right to invoke this privilege. *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); *Hoffman v. United States*, 341 U.S.

---

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for Eastern the District of Arkansas.

2. Starkey was sentenced to an indeterminate term of imprisonment which was to last until he purged himself of contempt by testifying at a deposition. The sentence was suspended pending appeal.

479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *Capitol Products Corp. v. Hernon*, 457 F.2d 541, 543 (8th Cir. 1972). The parties have discussed the Arkansas statutes relevant to price fixing, the various elements relevant to assessing the federal and state prosecutors' propensity to prosecute, the length of applicable statutes of limitation, etc., so as to aid us in assessing the practical chances Starkey will be subject to criminal prosecution in the future. We do not find it necessary to decide whether courts should attempt to make an assessment of the likelihood of prosecution, *see In Re Folding Carton Antitrust Litigation*, No. 79–1628 (7th Cir. July 12, 1979), or if so, what the likelihood of prosecution is here. It is clear that aside from the above considerations, Starkey is not subject to prosecution for testimony he may give at the civil deposition because any such testimony, provided it is within the guidelines hereinafter discussed, is immunized.

 The federal prosecutor, when requested, refused to give Starkey immunity from criminal prosecution for his deposition testimony on the proper ground that the federal government was not a party to the civil antitrust action. *Cf. United States v. Dunham Concrete Products, Inc.*, 475 F.2d 1241, 1243 (5th Cir.), *cert. denied*, 414 U.S. 832, 94 S.Ct. 65, 38 L.Ed.2d 66 (1973) (in discussing the precursor to 18 U.S.C. § 6001 *et seq.*, the court stated that only the federal government, as a party to suit, can grant immunity under 18 U.S.C. § 6001). The state prosecutor was never requested to give Starkey immunity from criminal prosecution. Nevertheless, Starkey clearly has immunity from criminal prosecution for the deposition testimony because such testimony would be tainted by the federal grand jury testimony for which Starkey received "use" immunity pursuant to 18 U.S.C. § 6001 *et seq.*

 The mere fact a witness has given testimony under immunity at one legal proceeding does not, by that fact alone, taint the same testimony given at a subsequent legal proceeding. *See, e. g., United States v. Miranti*, 253 F.2d 135, 138 (2d Cir. 1958) (court notes that it must find possibility of self-incrimination before witness can claim the fifth amendment in a second proceeding). In this case, however, all parties had access to the grand jury transcript and appellee's attorney used the immunized testimony to question Starkey at the deposition. Many of the deposition questions were in the same sequence as the grand jury questions and numerous questions were taken verbatim from the grand jury transcript. Moreover, appellee's attorney, the Deputy Attorney General of Arkansas, has argued before this court that the deposition questions are derived from the grand jury testimony. In these circumstances, we find that the deposition testimony, as long as it is within the confines of the grand jury testimony, is "tainted" by the grand jury testimony.

In *United States v. McDaniel*, 482 F.2d 305 (8th Cir. 1973) (McDaniel II), this court held that McDaniel could not be prosecuted by federal officials for embezzlement and mismanagement of funds because the federal prosecutor had not discharged its burden of proving that its investigation was not tainted by a review of defendant's immunized state grand jury testimony. The example of taint which is presented in the case at bar is clearer than that presented in *McDaniel*. There the federal prosecutor merely read the state grand jury proceedings overnight and returned them to the state prosecutor the next morning. The defendant was later indicted on federal charges which were different from the state charges. Moreover, the federal prosecutor introduced voluminous F.B.I. reports showing that the federal government had conducted its own investigation independent of and prior to the state grand jury proceedings. Nevertheless this court found that the U.S. Attorney's formulation of how to proceed in the prosecution of McDaniel had been subjectively influenced by his reading of the state grand jury proceedings. By contrast, the immunized testimony in

the case at bar focused appellee's case in a much more direct and objectively discernible manner. Here, it was used verbatim to question appellant. In *United States v. First Western State Bank of Minot*, 491 F.2d 780 (8th Cir.), *cert. denied sub nom. Thompson v. United States*, 419 U.S. 825, 95 S.Ct. 42, 42 L.Ed.2d 49 (1974), and *In Re Folding Carton Antitrust Litigation*, 465 F.Supp. 618 (N.D.Ill.1979), *rev'd on other grounds*, —— F.2d ——, No. 79–1628 (7th Cir. July 12, 1979), this court and the district court for the Northern District of Illinois found that there was no taint from appellants' immunized grand jury testimony to the federal prosecutor's case against the appellants because the federal authorities did not have access to the immunized grand jury transcripts. *Minot, supra*, 491 F.2d at 787; *Folding Carton, supra*, 465 F.Supp. at 628.

 The prosecuting government bears a very heavy burden in proving, once a witness has been given immunity, that subsequent evidence against that individual is not "tainted" by the immunized testimony. *Kastigar v. United States*, 406 U.S. 441, 460, 461–62, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *United States v. Nemes*, 555 F.2d 51, 55 (2d Cir. 1977); *Minot, supra*, 491 F.2d at 783. In order to meet this burden, the prosecuting government must show it did not use any immunized testimony, directly or indirectly, as an investigatory lead, or to focus investigation upon a person. *Kastigar v. United States, supra*, 406 U.S. at 560, 92 S.Ct. 1653. In this case, should the federal or Arkansas governments decide to criminally prosecute Starkey in the future, they would first have to prove that their evidence was not derived from Starkey's grand jury testimony.[3] Clearly, in light of the position taken by the Arkansas Deputy Attorney General that Starkey's deposition testimony would be tainted by the federal

grand jury testimony, and the obvious dependence on the grand jury testimony in the deposition questions, the deposition testimony would be tainted and unavailable for criminal prosecution of Starkey.

 Appellant has raised three arguments which are worth noting. First, he argues that even if the deposition is limited to pre-1977 (the time period covered by his grand jury testimony), by answering the deposition questions he would establish the existence of a conspiracy to fix prices between himself and other individuals. Because a conspiracy is presumed to continue and a conspirator is presumed to be active, until proven otherwise, *Joyner v. United States*, 547 F.2d 1199, 1203 (4th Cir. 1977), appellant argues he could be prosecuted for an on-going conspiracy based on his deposition testimony. However, should appellant be prosecuted for conspiracy, he would merely show that he was given immunity for the testimony which established the existence of the conspiracy. The burden would then shift to the government to prove that it was prosecuting appellant on the basis of independent evidence. This protection is all appellant is entitled to under 18 U.S.C. § 6001, *Kastigar v. United States, supra*, 406 U.S. at 453, 92 S.Ct. 1653, and it is sufficient to overcome his argument that by testifying he will subject himself to future prosecution.

 Appellant also argues that by forcing him to testify at the deposition, the trial court is itself granting immunity for the deposition testimony. While we agree with appellant that courts should not infringe upon the prosecutor's discretion in granting immunity, *Ellis v. United States*, 135 U.S.App.D.C. 35, 40–41, 416 F.2d 791, 796–97 (1969); *cf. United States v. Di Mauro*, 441 F.2d 428, 439 (8th Cir. 1971), we disagree that the trial court was exceeding

---

**3.** The Arkansas state authorities are prohibited from using testimony immunized by federal authorities. To prosecute Starkey on matters related to the federal prosecution, the Arkansas authorities must first prove that they had an independent, legitimate source for the disputed evidence. *Cf. Murphy v. Waterfront Comm'n*, 378 U.S. 52, 79 & n.18, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

its authority by granting immunity in the present case. The trial court was merely fulfilling its proper duty to determine what is a derived use of immunized testimony. *Ryan v. C. I. R.*, 568 F.2d 531, 539 (7th Cir. 1977), *cert. denied*, 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978); *Capitol Products Corp. v. Hernon, supra*, 457 F.2d at 543 (cases summarized); *Daly v. United States*, 393 F.2d 873, 878 (8th Cir. 1968).

Lastly, appellant argues that this case presents a situation identical to that in *United States v. Kuehn*, 562 F.2d 427 (7th Cir. 1977), where it was held that a grand jury witness who repeated his immunized testimony to a reporter created an independent source of evidence which could then be used against him in a subsequent criminal prosecution. *Kuehn* is not apposite, however. There the witness voluntarily repeated his grand jury testimony, and, as the court noted, his grand jury testimony was not introduced or referred to. *Id.* at 432. By contrast, in this case appellant will be involuntarily repeating immunized testimony in response to questions taken directly from the immunized grand jury testimony by opposing counsel who had access to the entire grand jury transcript.

■ We note that in testifying at the deposition, appellant is required to answer only questions which are within the same time, geographical and substantive framework as the grand jury testimony. Appellant has argued that the questions put to him at the deposition exceeded the scope of the grand jury questions in two ways: (1) the questions covered a period before and after that covered by the grand jury testimony (1971 to February, 1977), and (2) the questions exceeded the geographical scope of the grand jury testimony (the Central Arkansas area). We cannot agree with appellant that his grand jury testimony was limited to the period between 1971 and February, 1977, or to the Central Arkansas area. There were admissions by appellant that he was engaged in price fixing in the late 1950's and early 1960's and that he solicited prices from other milk dealers in Eastern and Western Arkansas. Therefore, appellee's deposition questions did not exceed the scope of the grand jury testimony by inquiring about appellant's activities in the 1950's and 1960's or about his solicitation of prices from dealers in Eastern and Western Arkansas. The grand jury testimony did not cover activities beyond February, 1977, however, and, in order to preserve the immunized character of the deposition testimony, the deposition questions must be limited to activities prior to February, 1977.

For the foregoing reasons, the order of the district court holding Starkey in contempt for refusing to testify at the deposition is affirmed. The district court is directed, however, to modify its order compelling Starkey to testify so as to limit the scope of the deposition questions as detailed above.