OPINION OF THE COURT
John R. Tenney, J.
Defendant is engaged in the business of manufacturing miniature transformers for cable television circuit boards. Some portion of its work is or has been performed by-independent contractors in their homes.
On June 18, 1982, the director of the Division of Labor Standards issued an ex parte order pursuant to article 13 of the Labor Law which determined that defendant had violated various provisions of the Industrial Homework Law (Labor Law, § 350 et seq.) and assessed a civil penalty in the amount of $2,500. The order also informed defendant that under section 361-b of the Labor Law, it had the right to appeal the order by filing a petition for review within 30 days with the Industrial Board of Appeals.
Defendant prepared a petition but on the 30th day its process server mistakenly attempted service on a night watchman at the Department of Labor rather than on the Industrial Appeals Board located in another part of Albany. On the 32nd day a duplicate petition was served on counsel for the board which ultimately reached the plaintiff by interagency mail on August 2, 1982.
*59 On August 19, the board advised defendant by letter that its petition for review was untimely and would not be considered. On December 13, 1982, the plaintiff filed its June 18 order with the Onondaga County Clerk, which was docketed as a judgment. (Labor Law, § 361-b.) A restraining notice pursuant to CPLR 5222 was issued on January 3, 1983. Defendant obtained a stay.
This motion seeks to vacate the judgment. Two grounds are alleged: (1) excusable neglect and/or lack of jurisdiction to render the judgment or order; (2) the constitutionality of the method of proving the penalty.
Plaintiff contends this court has no power under CPLR 5015 to vacate a judgment not rendered by the court. The proper remedy is a CPLR article 78 proceeding questioning the rejection of the appeal of the June 18 order. However, that determination was communicated to defendant on August 19,1982, and thus, defendant is again time barred under CPLR 217.
The statute reads: The period begins to run from the time “the determination * * * becomes final and binding upon the petitioner”. Subdivision 2 of section 361-b states: it shall be deemed a final order but it is not in the nature of a typical administrative order which requires action or punishment. Under subdivision 3, this is an order which is not subject to enforcement until docketed and then “[t]he order or decision may be enforced by and in the name of the commissioner in the same manner”, etc.
Plaintiff contends that the court has no power to vacate this judgment under CPLR 5015. However, the conditions under which this judgment was acquired are not as anticipated under that section. There is little question that to let this arbitrary order ripen into an enforceable judgment under the circumstances of this case would be a gross injustice.
Defendant is entitled to his day in court. The action of the plaintiff in rejecting defendant’s attempted administrative appeal of its ex parte order was arbitrary and capricious. The fact that this matter has progressed to judgment does not eliminate that problem.
Defendant’s assertion that the procedure set out in the Labor Law is unconstitutional requires separate attention. *60 “The exercise of a power which offends against the Constitution may be attacked at any time.” (Lutheran Church in Amer. v City of New York, 27 AD2d 237, 239.) Although an article 78 proceeding is generally the proper vehicle for challenging the constitutionality of administrative action, it is not the only remedy. “[T]he sole issue tendered being a constitutional one involving a pure issue of law, the remedy of a declaratory judgment is peculiarly applicable.” (Supra, p 239.)
The court should exercise its authority under CPLR 103 (subd [c]) and treat this as an action for a declaratory judgment under CPLR 3001 if at least a colorable constitutional argument has been made. While permitting this action to proceed even though the four-month statute has expired may to some extent “frustrate the legislative policy requiring prompt review of administrative determinations” (Lutheran Church in Amer. v City of New York, supra, p 239), a preliminary review of defendant’s arguments is nevertheless appropriate to determine whether it has a likelihood of success on prosecution of a declaratory judgment action.
Under the statute, the commissioner is authorized, after investigation, to issue “an order which shall describe particularly the nature of the alleged violation, [and] assess the employer a civil penalty of not more than twenty-five hundred dollars for each violation.” (§ 361-b, subd 1; emphasis added.) The order may be reviewed by the Industrial Board of Appeals if the employer files a petition within 30 days (§ 361-b, subd 2). If no petition is filed, the order “shall be deemed a final order of the commissioner and not subject to review by any court or agency”. (§ 361-b, subd 2.)
The Rules of Procedure and Practice at the hearing are set out in 12 NYCRR 65.1 et seq. Under 12 NYCRR 65.30 the burden of proof for each allegation is “upon the person asserting it.” It is defendant’s contention that since it is required to disprove the “alleged violation” (see § 361-b, subd 1) upon which the commissioner based the civil penalty, the burden has been improperly shifted to the accused. The commissioner, as accuser, is never required to sustain any of the charges made, even by a preponderance of the evidence.
*61 In discussing the purpose of assigning the burden of proof, the United States Supreme Court has stated: “The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to ‘instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.’ In re Winship, 397 U. S. 358, 370 (1970) (Harlan, J., concurring). The standard serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision.” (Addington v Texas, 441 US 418, 423.)
Here, there appears to be little question that significant property and liberty interests are involved which would require compliance with minimal due process standards. (See, e.g., United States v Ward, 448 US 242; Kennedy v Mendoza-Martinez, 372 US 144.) The issue is whether these standards can be met when the burden has been shifted to the employer to disprove the commissioner’s allegations.
The cases would seem to indicate otherwise. “The preponderance of the evidence standard applies in civil cases, including civil penalty cases.” (United States v F/V Repulse, 688 F2d 1283, 1284.) While under this standard the parties “share the risk of error in roughly equal fashion” (Addington v Texas, supra, p 423), this should not authorize the commissioner to shift the burden, however slight.
Finally, cases such as Martinez v Blum (624 F2d 1), must be distinguished. That case dealt with eligibility for welfare benefits, and the burden of proof was assigned to the applicant. Noting that there is no constitutional right to receive welfare benefits, the court upheld the statutory procedure. Here, the issue concerns deprivation of constitutionally protected private interests and a higher level of due process seems warranted.
For the foregoing reasons, this judgment is vacated and the parties shall be referred to the appropriate administrative tribunal for a determination of this matter on its merits.