■ COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, Appellant, v BARBARA J. HINMAN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered July 5, 1983 in Madison County, which denied plaintiff's motion to hold defendant in contempt of court for failing to comply with a subpoena and granted defendant's cross motion to vacate a judgment entered against her. ¶ In 1980, defendant began manufacturing electronic components in her home and employing three other women to perform part of the work in their homes. On September 21, 1981, in response to her request for an application for an industrial homework permit, defendant was told that only employers who held such permits in 1945 could qualify. Following an investigation and a compliance conference, plaintiff issued an order on December 4, 1981 finding that defendant had violated subdivision 1 of section 352 of the Labor Law by employing persons to work at their homes without an industrial homework permit and assessing a civil penalty in the sum of $2,400 pursuant to subdivision 1 of section 361-b of said law. The order further provided for entry as a judgment with the appropriate county clerk if not paid within 30 days, and also contained notice of her right to appeal to the Industrial Board of Appeals within 30 days. Defendant's petition for review was late by one day and plaintiff's motion to dismiss the appeal as untimely was granted. A judgment was entered in Madison County against defendant for $2,400 on April 26, 1982 (see Labor Law, § 361-b, subd 3). When defendant failed to respond to a subpoena to take her deposition in proceedings to enforce the judgment, plaintiff moved for an order holding her in contempt. Defendant cross-moved to vacate the judgment on constitutional grounds. Special Term denied plaintiff's motion and granted defendant's cross motion, holding that defendant had been deprived of her due process rights. Plaintiff has appealed. ¶ Plaintiff contends that the relief sought in defendant's cross motion is precluded by her failure to exhaust the appropriate administrative remedies. The exhaustion rule, however, is not inflexible; rather, it is subject to important qualifications, such as when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when its pursuit could cause irreparable injury (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57-58). The cross motion seeking vacatur of the judgment was, therefore, proper. Similarly, plaintiff incorrectly contends that the judgment may not be collaterally attacked. Notwithstanding the rule against collateral attack, an administrative determination may be subject to such attack where it is absolutely void as for want of jurisdiction. Since the jurisdiction of an administrative body or agency is limited by the powers granted by statute, any determination made without statutory power or in excess of such power is void and subject to collateral attack (*Matter of Foy v Schechter,* 1 NY2d 604, 612; see, also, *United States v Solon,* 294 F Supp 880, affd 405 F2d 1211). We recognize the general rule that relief from a judgment may only be sought from the court which rendered the judgment (CPLR 5015; *Robert F. Wood, P. C. v Ford,* 78 AD2d 585). However, since the instant judgment was not obtained in the traditional method of a lawsuit or under conditions anticipated under CPLR 5015, it cannot be said that CPLR 5015 was intended to preclude relief from Supreme Court (*Commissioner of Labor v Eagle Comtronics,* 120 Misc 2d 58). ¶ These technicalities aside, Special Term erroneously exercised its authority in vacating the judgment on the premise that defendant's due process rights had been violated due to the failure to provide her with the opportunity for a meaningful hearing. Due process rights do require such a hearing before a person may be divested of a life, liberty or property interest (*Fuentes v Shevin,* 407 US 67; *Sniadach v Family Fin. Corp.,* 395 US 337). Such adjudication must be preceded by notice and an opportunity to be heard (*Goss v Lopez,* 419 US 565, 579). Here, defendant did have the opportunity for a full hearing

*de novo* (12 NYCRR 66.1 [c]) with all attendant rights, privileges and protections (see 12 NYCRR 65.16-65.51). When read *in pari materia,* as statutes should be read (see, e.g., *Matter of Jones v Blum,* 101 AD2d 330), the regulations provide the requisite procedural due process before a civil penalty can be imposed (see, also, *Matter of Finkel, Nadler & Goldstein [Levine],* 46 AD2d 196, app dsmd 37 NY2d 740). It "has long been recognized that what constitutes required due process varies with the status of the party asserting that there has been a denial thereof as well as with the governmental function involved" (*Health Ins. Assn. v Harnett,* 44 NY2d 302, 309). Since the very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation (*Mitchell v Grant Co.,* 416 US 600, 610), we hold that an acceptable balance between the purposes of the legislation and the protection of individual due process rights has been achieved in this case through the procedure which provides an opportunity for both a meaningful hearing and judicial review. ¶ Finally, the judgment having survived constitutional attack, we find it to be valid and enforceable, and that defendant's failure to comply with the duly issued subpoena constitutes contempt of court (CPLR 5251; *Klein v McGauley,* 29 AD2d 418, 420). It is not necessary that disobedience be deliberate or willful; rather, the mere act, regardless of motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party (*Yalkowsky v Yalkowsky,* 93 AD2d 834, 835). It appears that defendant's conduct did, indeed, impair or impede plaintiff's rights and, as such, she should have been found guilty of civil contempt. ¶ Order reversed, on the law, with costs, motion to hold defendant in contempt granted, cross motion denied, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.