■ CHESTNUT HILL REAL ESTATE, Appellant, v CONTRACTORS CASUALTY & SURETY COMPANY et al., Respondents. [719 NYS2d 892] —In an action, *inter alia,* to enforce the terms of a purported written agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 27, 2000, which (1) denied its motion to stay enforcement of a judgment of the Supreme Court, Nassau County, dated July 21, 1999, in an action entitled *Contractors Cas. & Sur. Co. v 535 Broadhollow Realty, L. L. C.,* and (2) granted the cross motion of the defendant Contractors Casualty & Surety Company to dismiss the complaint in its entirety, and to impose costs in the amount of $1,000 to be paid by the plaintiff's attorney.

Ordered that the appeal from so much of the order as imposed costs on the plaintiff's attorney is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see, Scopelliti v Town of New Castle,* 92 NY2d 944); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was to dismiss the complaint insofar as asserted against the defendant Long Island Power Authority, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, with one bill of costs to the defendant Contractors Casualty & Surety Company payable by the plaintiff, and the action against the defendant Long Island Power Authority is severed.

The Supreme Court properly dismissed the complaint insofar as asserted against the defendant Contractors Casualty & Surety Company (hereinafter Contractors) as the plaintiff sought, in effect, to modify a judgment obtained by Contractors against it in a prior Nassau County action (*see, Contractors Cas. & Sur. Co. v 535 Broadhollow Realty,* 276 AD2d 737). In general, relief from a judgment may only be sought from the court which rendered it (*see, Commissioner of Labor of State of N. Y. v Hinman,* 103 AD2d 886; *see also, Gkanios v Gkanios,* 233 AD2d 367; *Baldwin Kitchen Cabinet Corp. v Artz,* 15 AD2d 560; CPLR 5015 [a]).

The complaint should not have been dismissed, however, insofar as asserted against the defendant Long Island Power Authority, as it made no motion for that relief. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.