Bronx Medical Diagnostic, P.C., as Assignee of Monique Diaz, Appellant,
against
Global Liberty Ins. of NY, Respondent. 




Zara Javakov, P.C. (Zara Javakov of counsel), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Talia Beard of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered November 27, 2017. The order granted defendant's motion to vacate a judgment of that court entered March 8, 2016 pursuant to an order of that court (Devin P. Cohen, J.) entered February 9, 2016 granting plaintiff's prior unopposed motion for summary judgment, and, upon such vacatur, to deny plaintiff's prior motion and dismiss the complaint.




ORDERED that the order entered November 27, 2017 is reversed, with $30 costs, and defendant's motion to vacate the judgment entered March 8, 2016 and, upon such vacatur, to deny plaintiff's prior motion and dismiss the complaint is denied.
Plaintiff Bronx Medical Diagnostic, P.C. (Bronx Medical) commenced this action in 2015 to recover first-party no-fault benefits for medical services it had provided to its assignor, Monique Diaz, as a result of a motor vehicle accident which had occurred on October 8, 2014. After issue had been joined, Bronx Medical moved in 2015 for summary judgment, and defendant Global Liberty Ins. of NY (Global Liberty) failed to submit any opposition. By order entered February 9, 2016, the Civil Court (Devin P. Cohen, J.) granted the motion. 
Prior to the entry of the Civil Court's February 9, 2016 order, Global Liberty had commenced a declaratory judgment action in the Supreme Court, Bronx County, against Monique Diaz and Bronx Medical, among others, seeking a declaration that there was no [*2]coverage on the part of Global Liberty as a result of the October 8, 2014 accident. A judgment was subsequently entered in the Civil Court on March 8, 2016, pursuant to its February 9, 2016 order, awarding Bronx Medical the principal sum of $1,758.40. Thereafter, by order dated May 20, 2016, the Supreme Court granted a motion by Global Liberty and ordered that "all arbitrations, civil lawsuits, judgments and other proceedings seeking no-fault benefits regarding a motor vehicle accident involving Monique Diaz . . . which occurred on 10/8/14 that have been brought or may be brought by [Diaz and providers including Bronx Medical] are hereby permanently stayed and any judgments are vacated." 
On the basis of the May 20, 2016 Supreme Court order, Global Liberty moved in the Civil Court to vacate the March 8, 2016 judgment and, upon such vacatur, to deny plaintiff's prior unopposed motion and dismiss the complaint. Bronx Medical opposed the motion and appeals from an order of the Civil Court (Michael Gerstein, J.) entered November 27, 2017 granting the motion. 
Reliance by the Civil Court and defendant upon the part of the Supreme Court's order stating that "any judgments are vacated" is misplaced, as, "in general, relief from a judgment may only be sought from the court which rendered it" (Chestnut Hill Real Estate v Contractors Cas. & Sur. Co., 280 AD2d 446, 446 [2001]; see Commissioner of Labor of State of NY v Hinman, 103 AD2d 886 [1984]). Furthermore, the record before us indicates that, before the Supreme Court issued its May 20, 2016 order, which, among other things, restrained the prosecution of any pending actions, the Civil Court, by order entered February 9, 2016, had granted Bronx Medical's motion for summary judgment, thus completing the court's judicial function (see Vogel v Edwards, 283 NY 118 [1940]; SS Med. Care, P.C. v 21st Century Ins. Co., 64 Misc 3d 142[A], 2019 NY Slip Op 51267[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Moreover, within days after the Civil Court granted Bronx Medical summary judgment, Bronx Medical submitted its proposed judgment to the Civil Court. No action was taken by the parties after the May 20, 2016 Supreme Court order.[FN1]
The entry of the judgment in the Civil Court on March 8, 2016, pursuant to the February 9, 2016 order, was simply a ministerial act of the clerk (see SS Med. Care, P.C. v 21st Century Ins. Co., 64 Misc 3d 142[A], 2019 NY Slip Op 51267[U]; see e.g. Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp., 142 Misc 2d 67 [Sup Ct, NY County 1988]), and thus no violation of the Supreme Court's May 20, 2016 order restraining the prosecution of the action occurred (see SS Med. Care, P.C. v 21st Century Ins. Co., 64 Misc 3d [*3]142[A], 2019 NY Slip Op 51267[U]). Consequently, Global Liberty's motion to vacate the March 8, 2016 Civil Court judgment based on the Supreme Court's May 20, 2016 order should have been denied.

Accordingly, the order is reversed and defendant's motion to vacate the March 8, 2016 default judgment and, upon such vacatur, to deny plaintiff's prior motion and dismiss the complaint is denied. 

WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 15, 2019



Footnotes

Footnote 1:We note that we are aware of the Supreme Court's February 11, 2016 order to show cause which contained a stay of Bronx Medical in this action, among others. However, as defendant made its motion to vacate the judgment in the Civil Court on the basis of the Supreme Court's May 20, 2016 order, we do not consider the February 11, 2016 order. In any event, the record is devoid of any indication when the Supreme Court's February 11, 2016 order was served on Bronx Medical or exactly when Bronx Medical applied for judgment in the Civil Court.