Richard BEATTY, Appellant,

v.

UNITED STATES of America, ex rel. Frank M. HALPIN, District Director of Internal Revenue, Appellee.

No. 15284.

United States Court of Appeals Eighth Circuit.

Nov. 22, 1955.

James P. Irish, Des Moines, Iowa, for appellant.

Fred E. Youngman, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., Roy L. Stephenson, U. S. Atty., and Robert J. Spayde and John C. Stevens, Asst. U. S. Attys., Des Moines, Iowa, were with him on the brief), for appellee.

Before JOHNSEN, COLLET, and VAN OOSTERHOUT, Circuit Judges.

COLLET, Circuit Judge.

The appellant, Richard Beatty, is engaged in a dispute with the Internal Revenue Service as to whether several of those employed by him are employees for whom Beatty should pay Social Security Taxes, or whether those persons are independent contractors. An Internal Revenue Agent was duly assigned to investigate the status of those persons. The Agent was unable to complete the investigation because Beatty refused to produce his records pertaining to their employment. Beatty's refusal was based upon his determination that the individuals in question were independent contractors and consequently the details of their employment were none of the Agent's business. The Agent and his superiors insisted upon determining that question for themselves from the facts, including Beatty's records. A "Director's Summons to Testify and to Produce Books and Records" was issued by the District Director of Internal Revenue for the District of Iowa and served upon Beatty by the Internal Revenue Agent, commanding him to appear before the District Director and produce the desired records. Beatty appeared at the time and place specified in the summons. The Agent appeared for his superior, the District Director. Mr. Beatty refused to produce his books and records pertaining to the persons whose status was under investigation and refused to give the Agent their names or any other information about them. The District Director formally complained to the United States District Court for the Southern District of Iowa, in the name of the United States, requesting an order of that court requiring Beatty to show cause why he should not obey the summons and produce the records, or failing to do so be punished therefor. The Order to Show Cause was issued. Beatty appeared with counsel and again refused to produce the records for the same reason he had refused to produce them in response to the summons. Whereupon, the District Court issued an order and judgment directing that Beatty produce the records no later than a date fixed, or failing to do so that he be committed to the custody of the Attorney General un-

til he did so. Beatty appealed and the court stayed the order of commitment pending the disposition of the appeal.[1]

Upon this appeal Beatty contends that the District Director did not lay the proper procedural foundation for invoking Sections 7602[2] and 7604[3] of the Internal Revenue Code of 1954, 26 U.S. C.A. §§ 7602, 7604.

■■■ He asserts that the Internal Revenue Code, Section 3615(d), Title 26 U.S.C.A., specifically provides that the "Summons" shall be served "by a Deputy Director" and since the summons was served by an Internal Revenue Agent the service was not good. The difficulty with Mr. Beatty's position in this particular is that he appears to have been operating under the 1939 Internal Revenue Code which has been antiquated in this regard by Sections 7602, 7603, 7604, and 7701(a) (12) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 7602–7604, 7701(a) (12). By Section 7602 of the 1954 Code "the Secretary or his delegate" is authorized to examine the books of the taxpayer. By Section 7603 of the 1954 Code the summons may be served by "the Secretary or his delegate". By section 7701(a) (12) of the 1954 Code the term "Secretary" is defined to mean the Secretary of the Treasury, and the term, " 'Secretary or his delegate' " is defined as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary (directly, or indirectly by one or more redelegations of authority) to perform the function mentioned * * *." By Section 7805(a) of the 1954 Code, 26 U.S.C.A. § 7805(a), Congress authorized the "Secretary or his delegate" to prescribe "all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal reve-

nue." Pursuant to the authority given by Section 7805(a), by various departmental orders, delegations and redelegations of authority were made authorizing various subordinates to perform various functions. Specifically, Treasury Department 5900, 1952–1 Cum.Bull. 237 (17 F.R. 4464) provided that a reference to a deputy collector should be deemed to refer to an internal revenue agent. A sympathetic understanding may exist concerning Beatty's lack of knowledge of the contents of these bulletins and orders variously published and legal knowledge thereof thereby brought home to the layman, see Mr. Justice Jackson's dissent in Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L. Ed. 10, but further than an expression of sympathy for understandable ignorance, the law does not permit the courts to go. See majority opinion, Federal Crop Ins. Corp. v. Merrill, supra. Hence, even if, in view of Beatty's response to the summons, the question of service was consequential, which it was not, still he has no ground for complaint that the summons was served by an internal revenue agent.

■■■ Appellant contends that proper foundation was not laid for the order of the District Court because the complaint asking for the order to show cause "failed to state facts showing that the examination was not unnecessary." The contention is based on Section 3631 of the 1939 Code (26 U.S.C.A. § 3631) now 7605(b) of the 1954 Code, 26 U.S.C.A. § 7605(b), providing that—"No taxpayer shall be subjected to unnecessary examination or investigations * * *." The complaint did allege the necessity for the examination of the records in question. The facts developed at the hearing supported the allegation. Beatty contended the examination was unnecessary because he, Beatty, had determined that

---

1. By request we treat the order and judgment as being one from which an appeal may be taken without determining that question.

2. Authorizing the examination of the books and records of a taxpayer and pro-

viding for the issuance of the summons to produce records.

3. Providing for the enforcement of a summons by the District Court for the production of books and records.

the employees in question were independent contractors. He was not entitled to make such a conclusive determination of the question. The Internal Revenue authorities were entitled to the information contained in the records. If, after obtaining the facts, a difference of opinion arose between these authorities and Beatty concerning the status of these employees, Beatty would then have ample opportunity to submit the dispute to the courts. The contention is without merit.

Beatty says that since the summons provided that he should appear before the "Director" and the Director did not appear to examine him but instead delegated that duty to the Agent, the Director may not now complain of Beatty's failure to produce the records. This complaint is inconsequential and again ignores the delegation of authority to the Agent.

Other questions presented are not worthy of further discussion. The order and judgment of the District Court is affirmed.