Jerome DALY, Appellant,

v.

UNITED STATES of America and Raymond H. Ehlers, Revenue Agent, Internal Revenue Service, Appellees.

No. 18906.

United States Court of Appeals
Eighth Circuit.

April 11, 1968.

874

Jerome Daly, Savage, Minn., pro se.

John P. Burke, Atty., Dept. of Justice, Washington, D. C., for appellees, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., and Patrick J. Foley, U. S. Atty., and J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., on the brief.

Before MATTHES and LAY, Circuit Judges, and BECKER, Chief District Judge.

LAY, Circuit Judge.

Appellant appeals a judgment finding him in contempt arising out of his alleged refusal to comply with the District Court's order enforcing the Internal Revenue Service's administrative summons and their right to interrogate under Int. Rev. Code of 1954, § 7604(a).[1] Appellant alleges (1) that he was not served with proper process and therefore the District Court was without jurisdiction over his person; (2) that he was denied a proper hearing below; (3) that his objections to the interrogation should be sustained because of various constitutional claims, including his privilege not to incriminate himself.[2] We reverse and remand the case to the district court for a plenary hearing on appellant's objections.

1. Section 7604(a) reads as follows:
   "(a) Jurisdiction of district court.— If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."
   Section 7402(b) is essentially identical.

2. In the trial court appellant alleged that § 7604 was unconstitutional. He does not raise this here. However, we note that the United States Supreme Court has now removed all doubt. The Court recently held that § 7604 does not *per se* violate the Fourth or Fifth Amendment, even though the summons may be used to obtain information for a subsequent criminal prosecution. Justice v. United States, 390 U.S. 199, 88 S.Ct. 901, 19 L.Ed.2d 1038.

The chronology of events reflects that on July 21, 1966, a revenue agent issued and served appellant a summons pursuant to §§ 7602 and 7603 of the Internal Revenue Code of 1954, requesting him to appear to give testimony and to produce various documents. Daly appeared, but he refused to be sworn to give testimony with respect to his income tax liabilities for 1965 for reasons hereafter discussed. · On December 1, 1966, the United States Attorney filed a "Petition to Enforce Internal Revenue Summons" in the District Court of Minnesota along with a copy of the summons, the agent's affidavit and Daly's income tax return. The latter was an income tax return for the year 1965 with only Daly's name and occupation (lawyer and farmer) inscribed thereon. It was otherwise blank. Attached was Exhibit "A" which was a memo containing appellant's constitutional objection to the income tax, as well as his memorandum attacking the constitutionality of the Federal Reserve system.

On December 2, 1966, the District Court entered an order requiring Daly to appear before the court on the 28th of December, 1966, and to show cause why he should not be compelled to obey the Internal Revenue summons served on July 21, 1966. On December 6, 1966, Daly admitted service of the order but therein recited that he was appearing specially and that he objected to the jurisdiction of the court over his person. Thereafter, the court entered an order which singularly recites that Daly appear for examination on January 6, 1967, at St. Paul, Minnesota, pursuant to §§ 7602, 7603 and 7604(a). *Daly did not appeal this order.*

On January 6, 1967, Daly appeared at the appointed time and place, and again objected to the jurisdiction of the District Court and the order dated December 28, 1966, and then was duly sworn. He then stated:

"Now, in view of United States statutes 26, United States Code, Internal Revenue Code, Section 7202 and 7203 —well, Chapter 75 of 26 United States Code, 7201 through 7212, including but not limited to Section 1918(b) of Title 28, Section 7207 of Title 26, Section 6531 of Title—no, strike that.

"In the face of those criminal statutes, I am going to refuse to answer the question that you asked me, Mr. Ehlers, upon the grounds that it infringes upon my rights as secured by the Constitution of the United States; and more specifically the fourth, fifth and sixth amendments thereof."

Thereafter he repeated the same objection to a series of questions concerning his income tax records.

The revenue agent filed an affidavit on January 26, 1967, reciting the events of January 6, 1967. On March 20, 1967, the court entered an order to show cause why appellant should not be adjudged in contempt for refusal to comply with the order entered December 28, 1966. Appellant was ordered to appear on March 27, 1967, before the District Court. On that date the parties appeared and appellant was given twenty days in which to submit a brief. Appellant argues that no hearing was held.

On May 3, 1967, the District Court entered findings of fact and conclusions of law and adjudged appellant in contempt, directing that appellant be arrested and confined until such time that he complied with the court's order entered December 29, 1966.

Appellant challenges the jurisdiction of the court over his person on the grounds that he was not properly served with a summons under Rule 4(a) of the Federal Rules of Civil Procedure. Jurisdiction of the District Court was invoked by service upon the appellant by an order to show cause. Cf. Beatty v. United States ex rel. Halpin, 227 F.2d 350 (8 Cir. 1955); Wild v. United States, 362 F.2d 206 (9 Cir. 1966).

The Supreme Court has stated that an action under § 7604(a) is clearly an adversary proceeding where a hearing is based upon issues formed by the filing of a proper complaint and answer. United States v. Powell, 379 U.S. 48, 58, 85

S.Ct. 248, 13 L.Ed.2d 112 (1964); Reisman v. Caplin, 375 U.S. 440, 446, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). As pointed out in *Powell*, in the absence of specific procedures set forth under § 7604(a) as under § 7604(b), the Federal Rules of Civil Procedure are generally applicable. See also United States v. McKay, 372 F.2d 174 (5 Cir. 1967); Wild v. United States, supra; Kennedy v. Rubin, 254 F. Supp. 190 (N.D.Ill.1966) [allowing pretrial discovery practice under § 7604 (a)]. See also 7 Moore's Federal Practice, ¶ 81.01[6], p. 4413, discussing the Committee's notes of 1946 to Amended Subdivision (a) (3) of Rule 81. Except when expressly authorized by statute summary procedures are to be substituted for plenary actions only in narrowly defined special situations. See New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 406–408, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960); Application of Howard, 325 F.2d 917 (3 Cir. 1963); 2 Moore's Federal Practice ¶ 3.04 at p. 714.

In the instant case, although the order to show cause did not specify the normal 20 days for appellant's response (Fed.R.Civ.P. 12(a)), nevertheless, it was served 22 days before the hearing ordered. No argument has been made at any time that appellant has been prejudiced, only that he was technically not given a proper summons. Although, it would seem advisable in future cases for the government to comply with Fed.R. Civ.P. 3 and 4, under the circumstances it seems reasonable to say appellant received sufficient notice to be within the confines of "appropriate process" and that the District Court's jurisdiction was properly invoked. Cf. In re Wolrich, 84 F.Supp. 481 (S.D.N.Y.1949); Long Beach Federal Savings and Loan Assoc. v. Federal Home Loan Bank Board, 189 F.Supp. 539, 596 (S.D.Cal.1960); Federal Maritime Commission v. Transoceanic Terminal Corp., 252 F.Supp. 743, 746 (N.D.Ill.1966); Walling v. Moore Milling Co., 62 F.Supp. 378, 381–382 (W.D.Va.1945).[3]

However, we need not decide that precise question here. Appellant raised his special appearance before the trial court at the time of the original hearing on his enforcement order. The court overruled all of his objections including his jurisdictional claim and entered an order requiring his appearance to answer the agent's questions. Appellant discussed the question of appeal at that time with the court. His actions demonstrate that he chose to appear at the time set for the interrogation and he did not appeal. The order of the trial court in enforcing the summons of the revenue agent became an appealable order upon its proper entry. See Reisman v. Caplin, supra. The order entered was similar to a final judgment in any other case. Appellant's defenses, including the jurisdictional question, which went to the validity of the overall enforcement order were fully tried in this original hearing before Judge Lord. In the contempt proceeding, from which this appeal is filed, appellant attempts to collaterally attack the original enforcement order. He cannot do this. His jurisdictional claim has been adjudicated and the doctrine of res judicata applies. Baldwin v. Iowa State Traveling Men's Assoc., 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1923); Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); see also Restatement, Judgments § 9 (1942). And although the contempt proceedings required the court to review the specific objections raised to the questions asked by the revenue agent, it was then too late to reach back and rely upon the jurisdictional claim he had abandoned. The door was closed. As Mr. Justice Jackson has stated: "* * * when [the order] has become final, disobedience cannot be justified by re-trying the issues as to whether the order should have issued in the first place." Maggio v. Zeitz, 333

---

3. See also 26 U.S.C. § 7402(a) which reads: "The district court's * * * jurisdiction to make and issue in all civil actions * * * orders and processes * * * as may be necessary or appropriate for the enforcement of the internal revenue laws." Tit. 26 U.S.C. § 7402(a).

U.S. 56, at 69, 68 S.Ct. 401, at 408, 92 L.Ed. 476 (1948).

We turn now to appellant's claim that he was denied a proper hearing.

In Shillitani v. United States, 384 U.S. 364, 370–371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966), Mr. Justice Clark, in discussing civil contempt proceedings, states:

"The conditional nature of the imprisonment * * * justifies holding civil contempt proceedings absent the safeguards of indictment and jury * * * *provided that the usual due process requirements are met."* (Emphasis ours.

■■ Due process under these circumstances demands a plenary hearing. However, the problem we face is that it is extremely doubtful whether appellant did not actually waive his right to such a hearing.[4] However, it is also clear the government has not elected, nor would it be possible for it to do so, to proceed summarily with attachment against the appellant under § 7604(b). See Reisman v. Caplin, supra, 375 U.S. at 448, 84 S.Ct. 508 (1964); United States v. Kulukundis, 329 F.2d 197, 199 (2 Cir. 1964). The Supreme Court points out in Reisman, 375 U.S. at 448, n. 8, 84 S.Ct. 508, that this Circuit has erroneously applied § 7604(b) to situations where the taxpayer appears and makes a good faith challenge to the proceeding. See e. g., Sale v. United States, 228 F.2d 682 (8 Cir. 1956) and Bouschor v. United States, 316 F.2d 451 (8 Cir. 1963). In the instant case, the first time the trial court had an opportunity to review the merits of the specific objections was on March 27, 1967. Yet neither the court's findings of fact nor conclusions of law pass upon the merits of the questions, objections or the proceedings themselves. Cf. D. I. Operating Co. v. United States, 321 F.2d 586 (9 Cir. 1963). See also Reisman v. Caplin, supra, 375 U.S. at 449, 84 S.Ct. 508. The court's finding of fact simply reads:

"Except to state his name, address, occupation, marital status, Social Security number and age, Jerome Daly refused to comply with said order of Court by refusing to answer every question put to him. The testimony of Jerome Daly upon his examination by Revenue Agent Ehlers was recorded by an official United States court reporter and is a part of the record in this case."

■ The government urges that appellant's basic claim is not the fear of self-incrimination, but a quixotic contention that the Federal Reserve system is unconstitutional. Based upon appellant's argument and his brief originally filed with the revenue agent, we are inclined to agree. And we would agree that if this be his grounds for invoking the privilege, then appellant's claim is frivolous on its face. Cf. Swallow v. United States, 325 F.2d 97 (10 Cir. 1963). However, a full hearing and determination could perhaps have brought into focus the specific reasons for the objection

4. The original transcript, not furnished us by either party, reveals that on March 27, 1967, the date set for the hearing, the following took place:

"MR. LANGE: Your Honor, the Government submitted all of its authority by memorandum, and other than restating our position this morning, that we feel the defendant is in contempt of court for refusing to answer on January 6th pursuant to this Court's order, we request that the Court find the defendant in contempt and take appropriate remedies pursuant to that order.

"THE COURT: Do you wish to make any oral response to that now, or would you like to do it by way of briefs?

"MR. DALY: Well, I just want the record to show that I am continuing in my special appearance. I take the position that there has been no action started against me and this Court has no jurisdiction.

"Now, I haven't had a chance to file a brief, and I would like an opportunity to file one.

"THE COURT: How long do you want?

"MR. DALY: I will submit it on a brief in 20 days."

appellant raises. At the interrogation appellant did raise specific objection and claimed the Fifth Amendment privilege against self-incrimination with regard to each question. Perhaps the lower court summarily dismissed these objections under Sullivan v. United States, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). It is true appellant's blanket objection filed with his income tax return is not valid under *Sullivan* as recently reaffirmed in Albertson v. SACB, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (Jan. 29, 1968); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (Jan. 29, 1968). However, this is not the issue before us.

▆▆ Even Sullivan indicates that certain specific questions may bring into play the proper assertion of the privilege. 274 U.S. at 263, 47 S.Ct. 607. However, to avoid appellant's later disillusionment, we note it is clear he cannot assert the privilege to every question asked by the examiner, most of which are innocuous on their face. Cf. In re Turner, 309 F.2d 69 (2 Cir. 1962). There exist specific guidelines for the court to follow upon proper inquiry. See Sullivan v. United States, supra; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Albertson v. SACB, supra; Grosso v. United States, supra; Marchetti v. United States, supra. As stated in Marchetti v. United States, 390 U.S. at 53, 88 S.Ct. at 705:

> "The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real', and not merely trifling or imaginary, hazards of incrimination. Rogers v. United States, 340 U.S. 367, 374, 71 S.Ct. 438, 95 L. Ed. 344; Brown v. Walker, 161 U.S. 591, 600, 16 S.Ct. 644, 40 L.Ed. 819."

At least a proper hearing should make inquiry upon the individual questions involved. It would seem realistic to say that such a hearing might quickly dispel any of the present taxpayer's false concepts of the privilege. The court could explain the purpose of the privilege, and make clear that the witness is not the "final arbiter," and that it is for the court to determine whether his silence is justified. Albertson v. SACB, supra, 382 U.S. at 79, 86 S.Ct. 194. That as criteria for the court to make such a determination *as to each question,* it must be "evident from the implications of the question, in the setting in which it [was] asked, that a responsive answer to the question or an explanation of why it [could not] be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, supra, 341 U.S. at 486–487, 71 S.Ct. at 818. When the court overrules a taxpayer's specific objection, the court could explain his reason, thereby giving the taxpayer an opportunity to reconsider his response.

Despite appellant's neglect in not requesting an oral hearing, where imprisonment may be the ultimate consequence of the court's action, where there is not a contumacious refusal to comply with the agent's subpoena, and where the lower court's reasons for his order are not set forth, we feel compelled to remand the case for a plenary hearing before the trial court.

▆▆ However, it should be clear that the hearing on remand should be limited to appellant's objections to the questions propounded to him on January 6, 1967, by the revenue agent. Appellant has now waived any overall objections to the enforcement order, such as his claimed unconstitutionality of the Federal monetary system and of the internal revenue laws in general. His failure to appeal from the enforcement order of December 28, 1966, waives all but the objections to the specific questions involved. Maggio v. Zeitz, supra; McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

The order is vacated and the cause remanded to the District Court for further hearing.