**Arthur H. RUSSELL, Appellant,**

v.

**UNITED STATES of America and Thomas L. Wesche, Internal Revenue Agent, Internal Revenue Service, Appellees.**

**No. 75–1501.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1975.

Decided Nov. 11, 1975.

Rehearing Denied Feb. 3, 1976.

---

1. Pitts received credit for this pretrial incarceration on his sentence upon conviction.

Taylor W. O'Hearn, Shreveport, La., filed appendix and brief for appellant.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Carleton D. Powell and William A. Whitledge, Attys., Tax Div., Dept. of Justice, Washington, D. C., and Robert E. Johnson, U. S. Atty., and Sam Hugh Park, Asst. U. S. Atty., Fort Smith, Ark., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This matter comes before the Court pursuant to Local Rule 6.

■ In the court below, the appellant challenged an Internal Revenue summons requiring him to produce bank records; books and records concerning income, expenses and deductions; work papers used in the preparation of his 1972 return; savings accounts passbooks; records of loans; records of capital asset acquisition; automobile expense records; and records covering the purchase and sale of real property. He did so on the ground that the summons was an unconstitutional exercise of a judicial power by the Executive Branch of the government, and on the further ground that the summons violated his Fourth and Fifth Amendment rights.

We have carefully reviewed the record and find no merits to the appellant's contentions. *See United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *United States v. Daly,* 481 F.2d 28 (8th Cir. 1973), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1974); *Hinchcliff v. Clarke,* 371 F.2d 697 (6th Cir.), *cert. denied,* 387 U.S. 941, 87 S.Ct. 2073, 18 L.Ed.2d 1327 (1967).

We affirm pursuant to Local Rule 9(a).

On Petition for Rehearing.

ORDER

■ We deny the appellant's petition for rehearing. In doing so, we note that since the appellant never appeared before an Internal Revenue agent and claimed only a blanket privilege in the District Court, his claims of Fifth Amendment protection are premature. The appellant must obey this summons and appear before the Internal Revenue. Enforcement of this summons does not, of course, bar the appellant from seeking to assert his Fifth Amendment privilege as to particular documents and questions once he appears before an agent of the Internal Revenue. *See United States v. Theep,* 502 F.2d 797, 798–799 (9th Cir. 1974); *United States v. Awerkamp,* 497 F.2d 832, 835 (7th Cir. 1974); *United States v. Cromer,* 483 F.2d 99, 102 (9th Cir. 1973); *United States v. Bell,* 448 F.2d 40, 42 (9th Cir. 1971).