UNITED STATES of America, Appellee,

v.

**Guy H. JONES and Elizabeth Jones, Appellants.**

**No. 76–1133.**

United States Court of Appeals, Eighth Circuit.

Submitted July 7, 1976.

Decided July 21, 1976.

Phil Stratton and Guy Jones, Jr., Conway, Ark., for appellants.

W. H. Dillahunty, U.S. Atty. and Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Guy H. Jones of Faulkner County, Arkansas, and Elizabeth Jones, his wife, appeal from an order of the United States District Court for the Eastern District of Arkansas [1] enforcing a summons issued by an officer of the federal Internal Revenue Service.

The summons required Mr. and Mrs. Jones to appear before an officer of the Service and to testify with respect to their income tax liability for the calendar year 1972; they were also directed to produce certain documentary material.

Appellants obeyed the summons to the extent that they appeared before the Internal Revenue Agent who had issued the summons. At that time they announced both orally and by letter that they intended to rely upon their "constitutional rights and privileges." They then took their departure. At no time did the Agent ask appellants any questions or call upon them to deliver any of the documents that they had brought with them.

Thereafter the government acting pursuant to 26 U.S.C. § 7604 filed an application in the district court for an order enforcing the summons. That court issued a show cause order to which appellants responded. The district court ordered that the summons be enforced. This appeal followed.

It is well settled that a person who has been summoned to appear before an Internal Revenue Agent as provided by 26 U.S.C. § 7602 may not on the basis of a general objection or claim of constitutional privilege refuse to submit to questioning by the Agent. The proper course for the individual concerned to pursue is to appear in obedience to the summons, answer all unobjectionable questions, and make specific objections to specific questions or to specific demands for the submission of particular documents. If that is done, proper review of any claims of privilege can be had in the district court. *See Russell v. United States,* 524 F.2d 1152 (8th Cir. 1975); *United States v. Theep,* 502 F.2d 797 (9th Cir. 1974); *United States v. Awerkamp,* 497 F.2d 832 (7th Cir. 1974); *United States v. Malnik,* 489 F.2d 682 (5th Cir. 1974); *United States v. Held,* 435 F.2d 1361 (6th Cir. 1970).

Accordingly, we affirm the order of the district court. When appellants appear before the Agent again, they may protect their constitutional rights in the manner above indicated.

Affirmed.

---

1. The Honorable Terry L. Shell, United States District Judge.