636 F.2d 1220
 81-1 USTC P 9112
 Unpublished Disposition
NOTICE: Fifth Circuit Local Rule 47.5.3 states that unpublished opinions should normally be cited only when they establish the law of the case, are relied upon as a basis for res judicata or collateral estoppel, or involve related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.
Davis Williams, Plaintiff-Appellant
v.
United States of America, United States Treasury Department,
Internal Revenue Service, Roddy McDowell, Internal
Revenue Service Agent, Defendants-Appellees.
 No. 79-3413.
 United States Court of Appeals, Fifth Circuit.
 November 24, 1980.
 
 Before ENGEL, MERRITT, and KENNEDY, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 After receiving a letter from the Internal Revenue Service, which informed plaintiff that his income tax return was being examined and requested him to provide certain documents to substantiate the information reported on the return, plaintiff filed suit in district court. The action sought to enjoin the defendants from taking any administrative action concerning plaintiff's tax liability until the Internal Revenue Service gave assurances that none of the information discovered during the audit would be used against plaintiff or his wife in a criminal prosecution. Plaintiff claimed that the actions of the Internal Revenue Service violated his Fourth and Fifth Amendments rights. Plaintiff also filed an amended complaint alleging further that defendants had conspired to deny him his constitutional rights after they assessed additional taxes against plaintiff in the amount of $40,767.65, due to his failure to verify certain items on his return. The district court granted defendants' motion to dismiss finding that the action was premature and barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a). Plaintiff now appeals from this judgment. Upon consideration, the Court finds that the district court correctly held that plaintiff's action was barred by the Anti-Injunction Act. Even though plaintiff did not seek to enjoin any civil assessment or collection, Bob Jones University v. Simon, 416 U.S. 725 (1974), and was primarily trying to protect his constitutional rights, his suit did attempt to stop activities which could culminate in the assessment of taxes and is, therefore, forbidden. Blech v. United States, 595 F.2d 462, 466 (9th Cir.1979); United States v. Dema, 544 F.2d 1373 (7th Cir.1976), cert. denied, 429 U.S. 1093 (1977).
 
 
 3
 The Court also finds plaintiff's claims that his Fourth and Fifth Amendment rights were threatened by the administrative action are without merit. A letter requesting information does not violate the Fourth Amendment. This action is less formal than the issuance of a summons, which has been held to be a valid administrative action. United States v. Powell, 379 U.S. 48 (1964); Russell v. United States, 524 F.2d 1152 (8th Cir.1975); United States v. Awerkamp, 497 F.2d 832 (7th Cir.1974). In addition, plaintiff's blanket claim of his privilege against self-incrimination is not permitted. United States v. Jones, 538 F.2d 225 (8th Cir.1976), cert. denied, 429 U.S. 1040 (1977); United States v. Theep, 502 F.2d 797 (9th Cir.1974). Although it has not been determined whether the Fifth Amendment would shield a taxpayer from producing his own tax records, see Andersen v. Maryland, 427 U.S. 463, 473-74 (1976); Fisher v. United States, 425 U.S. 391, 414 (1976), it is clear that a taxpayer must appear and object to individual questions and demands in order to state a Fifth Amendment issue. United States v. Awerkamp, 497 F.2d 832 (7th Cir.1974); United States v. Held, 435 F.2d 1361 (6th Cir.1970), cert. denied, 401 U.S. 1010 (1971). Since plaintiff raised only a general Fifth Amendment claim of privilege, his protest is premature.
 
 
 4
 Since the questions upon which the decision of this cause depends are so unsubstantial as not to need further argument, it is ORDERED that the judgment of the district court be, and it hereby is, affirmed.