UNITED STATES of America and Loretta Sorby, Revenue Officer of the Internal Revenue Service, Appellees,

v.

**Robert M. DICK, Appellant.**

No. 82–1722.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 6, 1982.

Decided Dec. 10, 1982.

---

\* The Honorable Edward Dumbauld, U.S. Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. The current holding period is "more than 1 year," effective with respect to taxable years beginning after December 31, 1977.

Robert M. Dick, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, William A. Whitledge, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellees; Rodney S. Webb, U.S. Atty., Fargo, N.D., of counsel.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Taxpayer Robert Dick appeals from an order of the district court[1] enforcing an Internal Revenue Service summons. Dick argues that the district court had no jurisdiction to enter the order, and that the order violates his fifth amendment right against self-incrimination. We affirm.

On February 20, 1981 Revenue Officer Loretta Sorby issued a summons to Dick directing him to appear on March 3 to give testimony and produce records concerning the tax years 1976 through 1979. When Dick failed to appear, the government filed a petition in the district court to enforce the summons. The district court issued an order directing Dick to show cause why the summons should not be enforced. A hearing was held, after which the district court entered an order enforcing the summons. Dick filed a timely notice of appeal.

Dick's first claim of error is that because the action was instituted by the filing of a petition instead of by the filing of a complaint, as required by the Federal Rules of Civil Procedure, the district court lacked jurisdiction to decide the case. This argument is without merit. The Internal Revenue Code clearly gives the federal courts authority to enforce IRS summonses. 26 U.S.C. §§ 7402(b), 7604(a); *United States v. National Bank of South Dakota,* 620 F.2d 193, 194 (8th Cir.1980). "[A]ny defect in the manner in which the action was instituted and processed is not in itself jurisdictional." *Schlesinger v. Councilman,* 420 U.S. 738, 742 n. 5, 95 S.Ct. 1300, 1305, n. 5, 43 L.Ed.2d 591 (1975); *Appeal of FTC Line of Business Report Litigation,* 595 F.2d 685, 704 n. 111 (D.C.Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978). Further, Rule 81(a)(3) of the Federal Rules clearly gives district courts the discretionary authority to limit the applicability of the Rules. *Donaldson v. United States,* 400 U.S. 517, 529, 91 S.Ct. 535, 541, 27 L.Ed.2d

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

580 (1971); *see, e.g., United States v. Will,* 671 F.2d 963 (6th Cir.1982); *United States v. Southeast First National Bank,* 655 F.2d 661, 663 (5th Cir.1981); *United States v. National Bank of South Dakota,* 622 F.2d 365 (8th Cir.1980). Thus, it is not improper for proceedings by the IRS to enforce a summons to be instituted by filing a pleading entitled "petition" rather than by filing a pleading entitled "complaint."

Dick's second argument is that to require production of his private papers would be to violate his fifth amendment right against self-incrimination. It is clear that a taxpayer may not refuse to answer questions or produce documents on the basis of a general claim of constitutional privilege. The taxpayer should appear in response to a summons, and make specific objections in response to specific questions or to specific demands for particular documents. *United States v. Jones,* 538 F.2d 225, 226 (8th Cir.1976), *cert. denied,* 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 752 (1977); *Russell v. United States,* 524 F.2d 1152, 1153 (8th Cir.1975). Only then are claims of constitutional privilege properly reviewable. *Jones,* 538 F.2d at 226.

Accordingly, we affirm the order of the district court.