UNITED STATES of America and Steven G. Powell, Revenue Agent of the Internal Revenue Service, Appellees,

v.

Joe O. BAKER, as President of Wholesale Motive Service, Inc., Scottsbluff, Nebraska, Appellant.

No. 83–1814.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 23, 1983.

Decided Dec. 1, 1983.

648

Steven D. Keist, Berry, Anderson, Creager & Wittstruck, Lincoln, Neb., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, Farley P. Katz, Tax Div., Dept. of Justice, Washington, D.C., for appellees; Ronald D. Lahners, U.S. Atty., Omaha, Neb., of counsel.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Joe O. Baker appeals from a decision of the district court[1] holding him in civil contempt for failure to comply with the court's earlier order enforcing an IRS summons for

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska.

corporate books and records. For reversal appellant claims that the district court erred (1) in denying his motion to dismiss the contempt proceedings; (2) in striking his testimony on direct because he refused to submit to cross-examination on fifth amendment grounds; (3) in failing to address the validity of his fifth amendment privilege against self-incrimination; and (4) in ordering him committed to custody until he produces the summoned documents without also allowing him to purge himself of the contempt by demonstrating his present inability to comply with the order. We affirm.

The IRS began an investigation into the federal income tax liability of Wholesale Motive Service, Inc., for the 1980 and 1981 calendar years. Appellant was the president of the corporation during those years and prepared and submitted the corporation's 1980 and 1981 income tax returns. On May 19, 1982 appellant received an IRS summons in his capacity as the corporation's president directing him to appear before an agent of the Service on June 1, 1982 to produce for examination, and testify with respect to, books and records of the corporation. Appellant appeared on the specified date, but did not produce any of the summoned records.

On June 29, 1982 the IRS and Revenue Agent Steven G. Powell brought a summons enforcement proceeding in the district court. Appellant testified at a hearing on the matter that he had given all corporate records in his possession to the IRS. He refused to answer any questions on cross-examination on the basis of his fifth amendment privilege against self-incrimination. The district court held that the IRS had met the requirements set forth in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), for enforcement of the summons. The court declared that until the case ripened into a contempt proceeding, it was unnecessary to decide whether appellant was able to comply with

the summons or had waived his fifth amendment privilege by testifying on direct.[2] The court ordered the summons enforced. Appellant did not appeal from this order.

Appellant subsequently appeared before IRS agents on October 7, 1982, but once again failed to produce the summoned records. IRS then filed a motion seeking to hold appellant in contempt until he complied with the court's summons enforcement order. Appellant voluntarily testified that the summoned records were not in his present care, custody, or control. He refused to submit to any cross-examination on fifth amendment grounds. The IRS renewed its argument that appellant had waived his fifth amendment privilege on the issue of possession or control of the corporation's records by testifying on direct. *See McGautha v. California,* 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971); *Brown v. United States,* 356 U.S. 148, 155, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958). The court refused to order appellant to answer, but warned him that if he refused to be cross-examined, the court would disregard his testimony. Appellant persisted, and the court held him in civil contempt until he produced the summoned records. The court explicitly found that appellant either possessed the summoned records or had deliberately given them to someone else from whom he could obtain them.

Appellant's first argument on appeal is that the contempt proceeding was invalid because the order enforcing the summons was not a final order. Appellant contends that the district court's failure to rule on his ability to comply with the summons at the time of the enforcement order rendered that order nonfinal. The Supreme Court has clearly stated that an order enforcing an IRS summons is a final, appealable order. *Reisman v. Caplin,* 375 U.S. 440, 449, 84 S.Ct. 508, 513–14, 11 L.Ed.2d 459 (1964).

---

**2.** Parenthetically the court noted that appellant did not say that he did not have the summoned records under his control.

In any event, the contempt order contained a finding that appellant was in present possession or control of the summoned records, and it is from this order that appellant has appealed rather than the summons enforcement order.

Appellant's second and third claims on appeal concern the district court's response to his invocation of the fifth amendment privilege against self-incrimination during the government's attempted cross-examination. In sum, appellant argues that by striking his testimony on direct and not allowing him to present evidence at an *in camera* hearing in support of his fifth amendment claim, the district court forced him to choose between waiving his fifth amendment privilege or submitting to incarceration. We disagree.

 In the civil contempt proceeding, appellant had the burden of producing evidence in support of his defense that he was then unable to comply with the district court's summons enforcement order. In these circumstances, his reliance on the fifth amendment privilege was misplaced. As the Supreme Court noted in *United States v. Rylander,* —— U.S. ——, 103 S.Ct. 1548, 1554, 75 L.Ed.2d 521 (1983):

> The fact that his refusal to come forward with such evidence was accompanied by a claim of Fifth Amendment privilege may be an adequate reason for the court not compelling him to respond to cross-examination at the contempt hearing, but the claim of privilege is not a substitute for relevant evidence.

The district court was therefore justified in disregarding appellant's testimony on direct that he lacked possession or control of the corporate records. *Id.* at 1552. Furthermore, the district court's refusal to conduct an *in camera* hearing on the validity of appellant's fifth amendment privilege was not error. The validity of this claim was relevant only with respect to appellant's refusal to submit to cross-examination, and in no way discharged or excused appellant's burden of production. The Supreme Court has "squarely rejected the notion . . . that a possible failure of proof on an issue where

the defendant had the burden of proof is a form of 'compulsion' which requires that the burden be shifted from the defendant's shoulders to that of the government." *Id.* at 1553. Appellant was not held in contempt for refusing to answer questions on cross-examination, but rather for refusing to comply with a previous order of the district court enforcing an IRS summons against him.

 Finally, appellant claims that the district court's order committing him to custody until he produces the summoned records is erroneous because it does not further provide that he may purge himself by adducing additional evidence about his present inability to comply with that order. If the district court had ordered appellant committed until he presented evidence showing lack of possession or control, the court would have been unconstitutionally compelling testimony by penalizing appellant's failure to testify with respect to matters to which the fifth amendment privilege purportedly attached. As stated above, the district court incarcerated appellant solely for his failure to produce documents that the court determined were in his possession or control, not his failure to testify. The district court's contempt order does not in any way foreclose appellant from adducing evidence as to his present ability to comply with that order. *See id.* at 1554; *Maggio v. Zeitz,* 333 U.S. 56, 75–76, 68 S.Ct. 401, 411–12, 92 L.Ed. 476 (1948).

Accordingly, the order of the district court is affirmed.