**Robert G. OLSON, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

No. 88–5526.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1989.

Decided April 18, 1989.

---

Larry M. Von Wald, Rapid City, S.D., for appellant.

Deborah Swann, Washington, D.C., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

LAY, Chief Judge.

Robert G. Olson retained attorney Lee A. Magnuson to represent him during an Internal Revenue Service (IRS) investigation relating to Olson's tax liability for the years 1982, 1983, and 1984. In this capacity, Magnuson supervised the compilation of Olson's financial records and the preparation of income and expense summary sheets. From these materials he prepared the draft returns which were submitted to the IRS examiners. On April 2, 1987, the IRS issued a summons pursuant to 26 U.S.C. § 7609 directing Magnuson to appear and give testimony, and to produce a number of documents including the income and expense summary sheets. On April 22, 1987, Olson filed a motion in district court[1] to quash the summons. Olson and Magnuson[2] argued that the income and expense summary sheets were protected by the attorney-client and work product privileges and the fifth amendment right against self-incrimination.

On August 20, 1987, the district court entered an order generally stating that the materials and testimony in question were not privileged. The court went on to find that even if a privilege could have applied, Olson had waived the right to claim the attorney-client or work product privileges by virtue of disclosures made through the draft returns. Finally, Olson's assertion of his fifth amendment right was inappropriate in this circumstance because personal compulsion did not exist. The court therefore denied the motion to quash and ordered enforcement of the summons.

The enforcement order was not appealed. The documents which had been requested were delivered to the IRS and Magnuson subsequently appeared in obedience to the summons. At that time, Magnuson asserted claims on Olson's behalf of attorney-client and work product privileges in refusing to answer specific questions that were posed to him. On August 12, 1988, the district court ordered Magnuson to show cause why he should not be held in contempt for failure to comply with its August 20, 1987, order. In an order entered on October 25, 1988, the district court stated that it would "not determine the applicability of attorney-client privilege or work product doctrine on a question-by-question basis" because these privileges were not applicable to the materials and testimony sought by the summons. Magnuson was ordered to comply with the court's August 20, 1987, enforcement order. Magnuson requested a stay pending appeal of the court's order of October 25, 1988. The district court denied the motion but nonetheless granted a temporary stay pending timely appeal and disposition by this court.

■ The issue before this court is whether Magnuson may appeal the district court's October 25, 1988, order to show cause why he should not be held in contempt for refusal to provide testimony in accordance with the district court's August 20, 1987, enforcement order. We think it is clear that our court lacks jurisdiction to proceed. Under these circumstances, it is necessary for a claimant to complete the contempt proceedings and suffer some sanction for failure to comply with the district court's order before being permitted to appeal the matter. *United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 326–27, 60 S.Ct. 540, 541–42, 84 L.Ed. 783 (1940).

■ However, assuming that jurisdiction did lie to hear this appeal, Magnuson's

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. Magnuson was eventually permitted to intervene after the district court found that he was "an 'attorney' within the scope of 26 U.S.C. § 7609(1)(A)(3)."

cause must fail for two reasons. First of all, Magnuson has raised the same claims of privilege in his motion to quash the enforcement order that he raised in resistance to the original issuance of the enforcement order. The district court again found that such privileges did not apply to the material as a whole. In that order the court expressly articulated the underlying reasons for its August 20, 1987, order which had found that the materials and testimony requested in the summons were not privileged. The court found that, because Magnuson acted as a scrivener rather than an attorney in generating the draft returns, the summary sheets could not be protected by the attorney-client privilege. Furthermore, the summary sheets were created in preparation for an IRS examination rather than litigation and consequently did not qualify as work product.

The issues which the district court decided on August 20, 1987, are the same issues Magnuson now raises. A claimant who fails to appeal the enforcement order will be barred by res judicata from relitigating in any subsequent contempt proceedings those issues which are finally determined by the enforcement order. *United States v. Ofe*, 572 F.2d 656, 657 (8th Cir.1978); *United States v. Wodtke*, 543 F.2d 43, 44 (8th Cir.1976). Magnuson did not appeal the original enforcement order. To the extent that he has *new* claims of privilege relating to individual questions, these would be appealable if and when the district court finds him in contempt and imposes a sanction. We note, however, that our review of the record has failed to detect any such previously unraised claims.

Generally, it may be said a "privilege is not a defense to enforcement of a summons to testify; such claims are tested by refusing to answer specific questions after enforcement and defending the subsequent contempt proceedings." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir.1981).[3]

While our circuit has not articulated its position as clearly as the Fifth Circuit, in *Daly v. United States*, 393 F.2d 873 (8th Cir.1968), this court did indicate that contempt proceedings should include a question-by-question review of claimant's objections where the enforcement order dealt solely with a blanket claim of fifth amendment privilege. *Id.* at 877–78. However, in the present case Magnuson appears to raise the same claims of privilege which he had previously raised in resistance to the enforcement order and which had been rejected as to the material as a whole. Consequently, the instant case can be distinguished from the privilege cases previously discussed in that it involves the type of privileges which can be ruled on as a whole rather than being treated on an item-by-item basis. *United States v. Asay*, 614 F.2d 655, 659–60 (9th Cir.1980).

■ There is currently a split in the circuits as to whether common law privileges such as attorney-client exist in IRS third-party summons situations. Kenderdine, *The Internal Revenue Service Summons to Produce Documents: Powers, Procedures, and Taxpayer Defenses*, 64 Minn.L. Rev. 73, 100–101 (1979). Whereas the Second Circuit follows an item-by-item review, *Colton v. United States*, 306 F.2d 633, 639 (2d Cir.1962), our circuit has held that this privilege may be summarily ruled on and consequently a final determination on this issue can be made through the enforcement order. *Canaday v. United States*, 354 F.2d 849, 857 (8th Cir.1966). *See also United States v. Willis*, 565 F.Supp. 1186, 1189–90 (S.D.Iowa 1983). The same reasoning must apply to the work product privilege since this circuit has also held that such a privilege simply does not apply when an attorney is preparing tax returns. *United States v. Cote*, 456 F.2d 142, 144–45 & n. 3 (8th Cir.1972). *See also Willis*, 565 F.Supp. at 1191.[4] Thus, the failure to ap-

---

**3.** In *Davis*, the Fifth Circuit observed that our circuit exercises particular restraint when addressing this issue and does "not pass on claims of privilege at all at the enforcement stage." *Id.* (citing *Russell v. United States*, 524 F.2d 1152 (8th Cir.1975)).

**4.** This is certainly not to say that the attorney-client and work product privileges can never apply to IRS summons situations. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). In *Upjohn*, the IRS sought to obtain information collected during an inter-

peal the district court's August 20, 1987, enforcement order constitutes a waiver of the right to claim the attorney-client and work product privileges which Magnuson now attempts to raise for the second time.

Even if Magnuson's failure to appeal the district court's ruling would not bar reconsideration of the issue, a second reason to dismiss this appeal is because the subsequent disclosure of the summary sheets pursuant to the summons must be deemed a waiver. The proper course of action in a summons situation is to appear and deliver only those materials which claimant does not assert are privileged. In this case, Magnuson appeared and delivered the summary sheets. He then, however, refused to answer questions about these summary sheets. It seems clear that refusal to answer is unacceptable because delivery of the summary sheets constitutes a waiver of any privilege which may pertain to those materials. *In re Grand Jury Proceedings Subpoena (Wine)*, 841 F.2d 230, 234 (8th Cir.1988). Indeed, a taxpayer's submission of materials in compliance with an IRS summons renders moot any constitutional objections to compelled submissions. *United States v. Porter*, 711 F.2d 1397, 1399–1400 (7th Cir.1983).

Accordingly, this appeal is dismissed for lack of jurisdiction.

nal corporate investigation which related to "questionable payments" that had been made to foreign governments. *Id.* at 386–87, 101 S.Ct. at 681. There is no comparison between such a situation and one in which the IRS seeks materials which had been generated in preparation for an audit. The *Upjohn* privileges are clearly limited to circumstances in which communications are made for the purpose of formulating legal advice. *John Doe Corp. v. United States*, 675 F.2d 482, 488 (2d Cir.1982).