33 F.3d 62
 74 A.F.T.R.2d 94-6210
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America; Patricia Angus, Revenue Officer,
Internal Revenue Service, Petitioners-Appellees,
v.
William B. ALEXANDER; Shirla Alexander, Respondents-Appellants.
 Nos. 93-4161, 93-4116, 93-4162, 93-4202.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 In an effort to avoid paying federal income taxes, respondents William B. Alexander and Shirla Alexander (taxpayers) have filed numerous notices of appeal from various orders and judgments of the district court. We will address those appeals in the order filed. In case No. 93-4116, taxpayers appealed the district court's order enforcing IRS summonses. Such an order is final and appealable. Church of Scientology v. United States, 113 S.Ct. 447, 452 n. 11 (1992). Our review of the record and the briefs of the parties convinces us that the district court was correct to enforce the IRS summonses. See United States v. Powell, 379 U.S. 48, 57-58 (1964)(enumerating criteria for enforcement of IRS summons); United States v. LaSalle Nat'l Bank, 437 U.S. 298, 318 (1978)(adding requirement that government must show at time summons issued that matter had not been referred for criminal prosecution). We therefore affirm the district court for substantially the reasons stated by that court in its order of June 4, 1993. R. I, tab 14.
 
 
 4
 Case No. 93-4161 is dismissed. In addition to challenging the district court's enforcement order, which we have affirmed in Case No. 93-4116 above, the notice of appeal in this case listed only nonfinal interlocutory orders inappropriate for immediate appeal.
 
 
 5
 Case No. 93-4162 challenged the district court's denial of taxpayers' motion to proceed on appeal in forma pauperis. In denying taxpayers' motion, the district court certified that the appeal was "not taken in good faith within the meaning of 28 U.S.C.1915(a), and is frivolous." Id., tab 32. This decision is committed to the sound discretion of the district court. Shobe v. California, 362 F.2d 545, 546 (9th Cir.), cert. denied, 385 U.S. 887 (1966). Because taxpayers' arguments that they are not "taxpayers" for purposes of the Internal Revenue Code and that the Thirteenth Amendment prohibits their taxation are clearly frivolous, the district court did not abuse its discretion in denying permission to proceed in forma pauperis. The judgment of the district court is affirmed.
 
 
 6
 Case No. 93-4202 is dismissed. In addition to matters already addressed above, the notice of appeal in this case challenged the district court's order denying taxpayers' motion to stay, pending appeal, the judgment enforcing the IRS summonses. Taxpayers, however, also petitioned this court for an identical order. That petition was denied on September 23, 1993, thus disposing of the stay issue in Case No. 93-4202. The other issues included in this appeal were interlocutory and unappealable.
 
 
 7
 Although not disputing service of the IRS summonses and acknowledging service of the order directing them to show cause why they should not be compelled to obey the summonses, taxpayers in their brief to this court argue that they were not served "a Court Summons & Complaint." To the extent this argument takes exception to the use of a petition instead of a complaint, it is without merit. United States v. Dick, 694 F.2d 1117, 1119 (8th Cir.1982) ("[I]t is not improper for proceedings by the IRS to enforce a summons to be instituted by filing a pleading entitled 'petition' rather than by filing a pleading entitled 'complaint.' "). Nor can taxpayers prevail in their allegation that the district court lacked personal jurisdiction because of the failure of the IRS to serve the petition and the attached exhibits. As noted above, taxpayers were served with the original summonses and the show cause order. While they did object in their first responsive pleading to the failure to serve the petition and the exhibits, R. I, tab 3 at 2, they participated in numerous hearings before the district court without requesting dismissal based on improper service. Taxpayers did not raise this issue again or request relief because of it until after the proceedings were substantially complete. Under these circumstances, where taxpayers had actual knowledge of the legal process to which they were subject and took full opportunity to act in their own defense, we find the technical failure to serve the petition and exhibits insufficient to divest the district court of personal jurisdiction. See Datskow v. Teledyne, Inc., 899 F.2d 1298, 1302-03 (2d Cir.) (holding that participation in litigation without reiterating objection to service of process waives basis for objection), cert. denied, 498 U.S. 854 (1990), cited with approval in Pipkin v. United States Postal Serv., 951 F.2d 272, 274 (10th Cir.1991); see also Kitchens v. Bryan County Nat'l Bank, 825 F.2d 248, 256 (10th Cir.1987) (" 'the federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice.' " (quoting 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1074, at 295 (1969))).
 
 
 8
 The judgments of the United States District Court for the District of Utah are AFFIRMED in case No. 93-4116 and case No. 93-4162. The appeals in case No. 93-4161 and case No. 93-4202 are DISMISSED. The mandates shall issue forthwith.
 
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470