# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-4282

_____

United States of America

*Petitioner - Appellee*

v.

George Pate; Cookie G. Pate

*Respondents - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 16, 2017
Filed: February 6, 2018
[Unpublished]

_____

Before COLLOTON and GRUENDER, Circuit Judges, and READE,[1] District
Judge.

_____

PER CURIAM.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern
District of Iowa, sitting by designation.

George and Cookie Pate appeal the district court's[2] enforcement of summonses issued by the Internal Revenue Service ("IRS") in April 2015. The summonses directed the Pates to provide testimony regarding alleged tax deficiencies. The Pates appeared before IRS Officer Mark Boston and invoked the Fifth Amendment privilege in response to every question, including questions about their names, telephone numbers, and dates of birth.

The Government petitioned to enforce the summonses in district court. The district court referred the case to a magistrate judge, who held a hearing. The Pates did not testify, but their attorney argued that they reasonably feared prosecution largely due to Boston's interest in a criminal referral for the case. The Pates' attorney did not identify particular objectionable questions, however, even though the Government had argued in a prior brief that the blanket assertion of the Fifth Amendment privilege was improper. The magistrate judge recommended enforcing the summonses, and the district court adopted that recommendation. The Pates appealed.

Under Internal Revenue Code § 7602, the IRS has authority to issue a summons to determine tax liability. "If a taxpayer does not comply with a summons, the IRS may bring an enforcement action in district court." *United States v. Clarke*, 134 S. Ct. 2361, 2365 (2014) (citing 26 U.S.C. §§ 7402(b), 7604(a)). In an

---

[2]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, adopting in relevant part the report and recommendations of the Honorable Matt J. Whitworth, Chief Magistrate Judge, United States District Court for the Western District of Missouri.

enforcement action, the district court considers the *Powell* factors—factors that the Pates concede have been met.[3]  *See Clarke*, 134 S. Ct. at 2365 (discussing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).

The Pates instead argue that the Fifth Amendment prevents the enforcement of the summonses.  The Fifth Amendment provides:  "No person . . . shall be compelled in any criminal case to be a witness against himself."  "The fifth amendment privilege, however, does not encompass the complete refusal to disclose any information relating to income." *United States v. Russell*, 585 F.2d 368, 370 (8th Cir. 1978).  The claimant must "make specific objections in response to specific questions." *United States v. Dick*, 694 F.2d 1117, 1119 (8th Cir. 1982) (per curiam).  Those objections must show that he "is confronted by substantial and 'real', and not merely trifling or imaginary, hazards of incrimination." *Daly v. United States*, 393 F.2d 873, 878 (8th Cir. 1968).  "The claimant need not incriminate himself in order to invoke the privilege, but if the circumstances appear to be innocuous, he must make some positive disclosure indicating where the danger lies." *Ueckert v. C.I.R.*, 721 F.2d 248, 250 (8th Cir. 1983).  Yet to repeat:  a taxpayer cannot assert the privilege to every question asked by the examiner when some of the questions are innocuous on their face.  *See Daly*, 393 F.2d at 878.

Because the Pates asserted the privilege in response to all of Boston's questions, including ones innocuous on their face, we affirm the district court's enforcement of the summonses.  *See id.*  At least three other decisions in our circuit

---

[3]In their reply brief, the Pates contend that the *Powell* factors were not met for certain questions.  This claim comes too late.  *See Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1120 (8th Cir. 2017)*.*  In their opening brief, the Pates stated:  "Appellants never argued that the *Powell* factors were not met with respect to the April Summonses."

have done so in similar circumstances. *See United States v. G & G Advert. Co.*, 762 F.2d 632, 634-35 (8th Cir. 1985); *Dick*, 694 F.2d at 1119; *United States v. Jones*, 538 F.2d 225, 226 (8th Cir. 1976) (per curiam). We are bound by these decisions.[4]

The parties also ask us to address whether the Pates have a "substantial" and "real" fear of self-incrimination, *see Daly*, 393 F.2d at 878, but we decline to reach this broader question. The sufficiency of the fear may depend on the particular question posed. *See Dick*, 694 F.2d at 1119. Nor do we address whether, if the Pates are questioned again pursuant to the April summonses, this decision precludes them from invoking the Fifth Amendment privilege to questions already posed. Addressing that issue would be premature. The Government argues for preclusion by citing *Olson v. United States*, but *Olson* involved the preclusive effect of an enforcement order in a later contempt proceeding. *See* 872 F.2d 820, 822 (8th Cir. 1989). If subsequent questioning pursuant to the summonses leads to a contempt proceeding, then the district court conducting the proceeding can address preclusion. That decision would then be subject to review. *See United States v. Baker*, 721 F.2d 647, 649-50 (8th Cir. 1983) (per curiam); *see also Daly*, 393 F.2d at 876-78.

Because the Pates asserted the Fifth Amendment privilege in response to all of Boston's questions, we affirm the district court's enforcement of the summonses.

---

[4]The Pates suggest in their reply brief that if they had answered any question, the Government would have argued under a waiver theory that they needed to answer every question. The Pates cite a portion of the Government's brief before the magistrate judge to support this assertion, but the cited pages do not do so. In those pages, the Government merely claimed that the Pates could not refuse to answer questions about information already disclosed.